ALTENBERND, Judge.
Aetna appeals a judgment in favor of Growers which declared that Aetna provide liability insurance to Growers for a personal injury claim. Because the claim involved a building that Growers had owned and Aetna’s liability insurance policy specifically provided coverage for alienated premises, we affirm.
Growers owned an apartment building in Clearwater, Florida. On June 12, 1984, Growers sold the property to a new owner. Fifteen days later, a tenant received an electrical shock while cooking dinner on the stove in her apartment.
The tenant brought suit against Growers, the new owners of the apartment building, and General Electric Company as the manufacturer of the stove. The tenant alleged that Growers had breached a duty of care during the time when it owned the building by failing to inspect or repair the stove.
Growers had a policy of insurance with Aetna which provided liability coverage on the apartment building for a policy period beginning January 7, 1984, and ending January 7,1985. The policy provided coverage to Growers for
all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises....
The policy specifically defined “insured premises” to include not only the premises described on the declarations page, but also “premises alienated by the named insured (other than premises constructed for sale by the named insured), if possession has been relinquished to others.”
Although the tenant’s accident occurred during the policy period, Aetna denied coverage to Growers on grounds that the policy had been constructively cancelled when Growers sold the apartment building on June 12,1984. Aetna argued that Growers no longer had an “insurable interest” in the building on the date of the accident and, thus, the policy was unenforceable pursuant to section 627.405(1), Florida Statutes (1983). It is significant to note that this is not a case in which Growers notified Aetna of the apartment’s sale and requested that the policy be cancelled. Aetna maintains that the policy was cancelled as a matter of law, regardless of the insured’s intentions.
Section 627.405, Florida Statutes (1983), does not permit Aetna to cancel this liability insurance contract. That statutory provision defines insurable interest for purposes of property insurance. It has no relevance concerning liability insurance.
At least in some jurisdictions, the prior owner of a building may continue to have liability to persons injured by latent defects which the new owner has not had *1030 an opportunity to discover. See Restatement (Second) of Torts § 353 (1965). Thus, it is completely sensible for Aetna to sell and Growers to purchase a liability insurance policy which provides protection for premises alienated by Growers. In Industrial Indemnity Co. v. Goettl, 138 Ariz. 315, 674 P.2d 869 (Ct.App.1983), the court enforced an identical provision under similar circumstances. In that case, the insured had sold the building in 1960. The accident did not occur until 1976. The court held that a policy of insurance issued in 1976 to the former owners provided coverage for the accident because the insured had owned the premises and had alienated them sixteen years earlier. If anything, the application of Aetna’s insurance policy in this case is more obvious because the premises were owned and alienated during the policy period.
The judgment of the trial court is affirmed.
THREADGILL, A.C.J., and PATTERSON, J., concur.