Shannon Michael **ARTHUR**, Plaintiff,

v.

**IOWA DISTRICT COURT FOR JASPER COUNTY, Iowa, Defendant.**

No. 95–1690.

Supreme Court of Iowa.

Sept. 18, 1996.

J. Keith Rigg, Des Moines, for plaintiff.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Steve Johnson, County Attorney, and James Cleverley, Assistant County Attorney, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, TERNUS and SCHULTZ, JJ.*

LARSON, Justice.

Shannon Michael Arthur was found guilty of contempt of court for failing to appear for a hearing on a driving offense. Arthur petitioned for certiorari, claiming that the court failed to adequately advise him in advance that it was contemplating a finding of contempt and failed to establish that the finding of contempt was based on evidence beyond a reasonable doubt. Because we agree with the plaintiff on the first ground, we sustain the writ of certiorari.

On December 4, 1994, Arthur was charged with driving while his license was revoked. He waived his speedy-trial rights and requested twice that the trial be continued pending plea negotiations. In a July 31, 1995 order for continuance, the district court stated: "The failure of defendant and his/her attorney to appear on the newly scheduled date and time shall constitute good cause for an arrest warrant to issue for the defendant's failure to appear." While this order mentioned the possibility of an arrest for failure to appear, it did not mention the possibility of contempt.

Early in the morning of the day set for trial on the driving charge, Arthur allegedly suffered an asthma attack and went to the emergency room of a hospital. He was discharged at 3:30 a.m. and called his attorney to inform him of his problem. Sometime between 8 a.m. and 8:30 a.m., his attorney called the clerk's office in Jasper County to inform the judge that Arthur was ill and would not be able to attend the trial that day. The court then ordered, in a calendar entry, that a hearing be held to consider evidence that the defendant was too ill to attend the scheduled trial.

At the subsequent hearing pursuant to this calendar entry, Arthur presented two documents from the emergency room of the hospital showing that he was discharged on the day of trial at 3:30 a.m. The judge then examined Arthur regarding his illness. This hearing was not reported or electronically recorded. The district court found Arthur to be in contempt for failing to appear at the trial and sentenced him to serve two days in jail with work release. This certiorari action followed.

Contempt may be punishable for:

1. contemptuous or insolent behavior toward such court while engaged in the discharge of a judicial duty which may tend to impair the respect due its authority.

. . . .

3. illegal resistance to any order or process made or issued by it.

Iowa Code § 665.2 (1995).

Contempts may be indirect (constructive) or direct. An indirect contempt is an act not committed in the presence of a court, but at a distance from it, which tends to degrade the court or obstruct, interrupt, prevent, or embarrass the administration of justice. A direct contempt consists of words spoken or acts committed in the presence of the court, which tend to have the same effect.... If the offender is in the presence of the court, he or she may be punished. If not before the court (indirect contempt), [Iowa Code section 665.7] provides the procedure to be followed in bringing the contemner into the court's

* Senior judge assigned by order pursuant to Iowa

Code section 602.9206 (1995).

presence, either by personal service of the rule to show cause or by warrant.

*Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980).

In this case, any contempt was indirect in nature. In such a case, a person not already in the presence of the court "must be served personally with a rule to show cause against the punishment, and a reasonable time given him therefor; or he may be brought before the court forthwith, or on a given day, by warrant, if necessary." Iowa Code § 665.7.

An affidavit by the lawyer who represented Arthur in the underlying traffic case stated:

> Judge Mott told me that the matter would be continued but that he would set a *pretrial* again on September 27, 1995, and asked that my client be present and bring any medical evidence of his illness.... Mr. Arthur and I went to Jasper County Associate District Court on October 4 and appeared before Judge Mott. Mr. Arthur presented to him the documents from Iowa Lutheran Hospital showing that he was hospitalized in the early morning hours of [the day of trial] for an asthma attack and sent home.... Judge Mott then examined Mr. Arthur and he told him what had happened and that he was ill that day. Judge Mott then found Mr. Arthur in contempt for not appearing on the 18th of September. He sentenced him to two days in jail and fined him the jury costs. Until this happened, I had no notice that this was a contempt hearing. *Neither myself nor Mr. Arthur had been served a show-cause order. Although the court reporter was there and I thought she was reporting the matter, I've later learned that it was not reported.*

(Emphasis added.)

According to this affidavit, the thrust of the court's order appeared to be the setting of a pretrial conference on the traffic charge, not the giving of notice of a contempt hearing. This is borne out by the wording of the order itself:

> The court hereby sets a hearing for 9 a.m. 28 September 1995 for evidence that the defendant was actually too ill to attend the scheduled trial today, and for a conference to reschedule and prepare for the trial.

This calendar entry did not advise Arthur that he was subject to a finding of contempt nor did it advise him of the means available to present a defense to the contempt charge. An analogous federal rule, which we believe succinctly embodies the requirements of our section 665.7, provides that

> [t]he notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such.

Fed.R.Crim.P. 42(b). The calendar entry in this case did not, in our view, comply with these minimal requirements.

In addition, while the manner of service on Arthur of this calendar entry is not clear from the record, it does not appear that he was given personal service of the notice. A notation on the calendar entry suggests that a copy of the order was simply mailed to Arthur's attorney. Personal service of a rule to show cause must be given, according to section 665.7, and must be made in accordance with one of the alternatives in Iowa Rule of Civil Procedure 56.1(a)-(m). *Beauchamp v. Iowa Dist. Ct.,* 328 N.W.2d 527, 528 (Iowa 1983).

Because the court failed to comply with the procedural requirements of Iowa Code section 665.7, we conclude that the adjudication of contempt was improperly made. Accordingly, we sustain the writ.

**WRIT SUSTAINED.**