HANDRAHAN v. O'REGAN.

1. **Contract:** SUBSEQUENT PROMISE: CONSIDERATION. If one leases land to which there is no road to another party, but subsequently promises to procure one, the fact that without the road the lessee would not be able to pay his rent does not constitute a sufficient consideration for the promise.

2. ———: ———: DISADVANTAGE TO PROMISEE. While disadvantage accruing to the promisee may constitute a sufficient consideration for a promise, yet it must appear that the disadvantage was suffered at the request of the promisor, express or implied.

3. **Landlord and Tenant:** MEANS OF ACCESS. Whoever takes a lease of land must ascertain at his peril whether or not the land is accessible, and the landlord is guilty of no fraud if he fail to apprise the tenant that there is no road communicating with the premises.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 15.

ACTION upon a written agreement to recover $120 for rent of forty acres of land. The defendant for answer admits the execution of the agreement, but avers that to the forty acres of land there was no communication from the main road,

whereby said land could be reached and cultivated without trespassing upon the premises of others; that subsequent to the execution of said agreement the plaintiff was informed by this defendant that there was no road or passage over which communication could be had to said land, and plaintiff promised and agreed verbally to procure a road from the main road to said land, but the defendant avers no road ever was procured for, or allowed to, said premises; by reason whereof he was damaged in the sum of $150 for which he asks judgment. The court found that there was due the defendant $80, as damages for failure to procure the road, and rendered judgment for plaintiff for $40. The plaintiff appeals.

*H. B. Fouke,* for appellant.

*E. McCeney* and *Fred. O'Donnell,* for appellee.

ADAMS, J.—There is no averment that the plaintiff owned land adjoining the leased land. There was, therefore, no right of way by necessity. Indeed the defendant relies solely upon the subsequent agreement. The plaintiff denies such agreement, but the court below found that it was made, and as the evidence is conflicting, except as to consideration, the finding of the court below cannot be disturbed unless it appears that the agreement was without consideration.

On this point the appellee's counsel say: "1st. The promisor was benefitted by such agreement, because it would put the promisee in the way to pay rent, which he could not do without the road; 2d. The promisee was not only troubled and inconvenienced by the promise in putting in his crops, which he could have done if he had not been promised a road, but he was also greatly damaged by the agreement because relying upon it he proceeded to cultivate the place, having to steal in when opportunity afforded, and was thus too late in planting, while if no such agreement had been made he might have procured (if bound to do so) a right to pass over other land immediately adjoining, and thereby gotten his crop planted in proper season."

To our mind, if such were the facts, no consideration would

appear therefrom. If a person should buy a tract of land to which there is no road, and take a conveyance leaving a part or all of the purchase money unpaid, and afterward the grantor, believing that he could procure a road for the grantee, should promise to do so, but should fail to fulfill his promise, would it be a sufficient consideration to support the promise that with the road the grantee would have been able to pay for the land, and was not able without it? No one would claim that it would. Yet we can see no difference in principle between a sale and lease of land so far as this question is concerned. There are doubtless many things, which, if a landlord were to furnish his tenant, would facilitate him in paying his rent, if he was otherwise unable to do so. But such fact would not be a sufficient consideration to support a promise to furnish them.

*1. CONTRACT: subsequent promise: consideration.*

We proceed now to consider the second ground. Briefly stated, it seems to be this: The defendant relied upon plaintiff's promise, and omitted to procure a road for himself as he otherwise might have done, and was thereby delayed, and failed to get in his crop in season. Now it is true that a disadvantage accruing to the promisee may constitute a consideration for a promise, but to have that effect it must appear that the disadvantage was suffered at the request of the promisor, expressed or implied. There is no evidence of such fact in this case.

*2. ——: ——: disadvantage to promisee.*

It is contended by the defendant that the plaintiff defrauded him by leasing to him land to which there was apparently a road, there being some marks of travel. If the plaintiff induced the defendant to enter into the lease by fraud, the defendant could in a court of equity have procured its cancellation. Again, if after the fraud was discovered he had agreed to waive the fraud, and did waive it by reason of the plaintiff's promise to procure him a road, such waiver would constitute a consideration for the promise. But the evidence shows clearly that nothing was said between plaintiff and defendant in regard to a road until after the lease was executed. There was then no fraud on the part of the plaintiff. Whoever buys, or takes a lease

*3. LANDLORD and tenant: means of access.*

of land, must inquire and ascertain for himself in regard to the means of access. If access is yet to be procured, the value of the premises is supposed to be estimated accordingly. Neither a purchaser nor a lessee would be justified in assuming that there is an established road to the premises because there may be marks of travel. If a grantor or lessor makes no representations upon the subject, he will not be guilty of a fraud. His silence will not be fraudulent. There having been no fraud in this case there was no waiver of fraud, and no consideration by reason thereof.

We are of the opinion that the judgment of the District Court must be

REVERSED.