# IN THE SUPREME COURT OF IOWA

No. 86 / 06–1541

Filed September 19, 2008

**JANICE A. MEINCKE,**

Appellant,

vs.

**NORTHWEST BANK & TRUST COMPANY,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

A bank asks for further review of a court of appeals decision. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Christopher L. Surls, William B. Norton and Timothy L. Baumann of William B. Norton Law Firm, P.C., Lowden, for appellant.

Michael J. McCarthy of McCarthy, Lammers & Hines, Davenport, for appellee.

**WIGGINS**, **Justice**.

Janice Meincke loaned her daughter and nephew $90,000. The loan was secured by a mortgage on property owned by the daughter and nephew's business. A bank also held mortgages on the same property; however, Janice's mortgage had priority. For the daughter and nephew to obtain more financing, the bank required Janice to subordinate her mortgage to the bank's by signing a subordination agreement. Janice signed the agreement, but challenged its enforcement by arguing it lacked consideration. Janice appealed a district court judgment finding of consideration. Our court of appeals reversed the district court by finding substantial evidence did not support the judgment. However, upon further review, we find substantial evidence does support the judgment, and we affirm the judgment of the district court.

## I. Background Facts and Procedure.

Sandra Marti and Craig Meincke operated two businesses, SCRAMM Enterprises, L.C., and C.A. Meincke Plumbing, Inc. (plumbing business). Both Sandra and Craig owned shares of SCRAMM. In 1997 and 1998 the plumbing business received two loans from Rock Island State Bank, each secured by a mortgage on the building owned by SCRAMM. In February of 2001, the plumbing business signed several notes with Northwest Bank & Trust. These notes were not secured by mortgages.

In July of 2002, Janice, Sandra's mother and Craig's aunt, issued SCRAMM three checks totaling $90,000. This loan was reflected in a promissory note dated September 15. The note was secured by a mortgage on the building owned by SCRAMM.

On May 23, 2003, Northwest Bank issued three more notes to the plumbing business. These notes were issued to restructure a preexisting

Northwest Bank debt and were secured by a mortgage on the SCRAMM building.

On March 3, 2004, Northwest Bank offered to issue the plumbing business another loan to restructure the existing Northwest Bank debt and refinance the Rock Island State Bank debt. This loan was also to be secured by a mortgage on the SCRAMM building. Before granting the loan, Northwest Bank informed Craig it would not refinance the Rock Island State Bank debt if Janice did not subordinate her mortgage to its own. To comply with this condition, it was necessary for Janice to sign a subordination agreement. James Legare, the vice president commercial loan manager for Northwest Bank, testified the bank would not have made the loan if Janice had refused to sign the subordination agreement. Neither Legare nor anyone else from Northwest Bank spoke to Janice about the subordination agreement. Rather, Craig spoke with Janice about the agreement. Although the details of that conversation are unclear, Janice understood after signing the agreement she would be "second in line."

In May of 2004, approximately two and a half months after the restructuring of the plumbing business, Craig notified Legare he was closing the plumbing business. The plumbing business agreed to a voluntary foreclosure on the mortgages held by Northwest Bank. The building was sold, and the proceeds were applied to the two remaining Northwest Bank loans, but debt remained. Janice did not receive any proceeds from the sale.

Janice filed a petition asking the court to find the subordination agreement null and void for lack of consideration. Janice amended her petition to add a count for intentional interference with an existing contract. At trial, Janice motioned the court to amend her petition to

add a count of fraud, which the district court denied. Also at trial the court heard testimony on whether the subordination agreement was properly acknowledged. The court held defective acknowledgement of the subordination agreement is not a defense where the controversy involves the original parties to the agreement.

The district court found the agreement was supported by consideration. The court found Northwest Bank suffered a detriment by loaning the plumbing business additional funds in response to Janice signing the subordination agreement.

The district court also found Northwest Bank's interference with the contract between Janice and SCRAMM was not improper because Janice signed the subordination agreement in part to help her family, and Northwest Bank had a good-faith belief the plumbing business was financially secure when it restructured its loans.

Janice appealed and the case was routed to our court of appeals, who found the consideration for the subordination agreement was not bargained for. Northwest Bank petitioned for further review, which we granted.

**II. Issues.**

Janice originally appealed, claiming the district court erred: (1) in finding the subordination agreement was supported by consideration; (2) by failing to find the subordination agreement lacked proper acknowledgement; (3) by failing to find improper interference with an existing contract; and (4) by denying her motion to amend the petition to add a claim for fraud. The court of appeals found the first issue dispositive; therefore, it did not consider the others.

Northwest Bank petitioned for further review, which we granted. Because we find substantial evidence supported the district court's

determination that the subordination agreement was supported by proper, bargained for consideration, we will address Janice's other claims on our further review.

### III. Discussion.

**A. Consideration.** Claims based on a contract that are tried at law are reviewed for correction of errors at law. Iowa R. App. P. 6.4; *Harrington v. Univ. of N. Iowa,* 726 N.W.2d 363, 365 (Iowa 2007). The district court's findings of fact are binding on the court if they are supported by substantial evidence. Iowa R. App. P. 6.14(6)(*a*); *Fischer v. City of Sioux City,* 695 N.W.2d 31, 33 (Iowa 2005). We view the evidence in the light most favorable to the judgment when a party argues the trial court's ruling is not supported by substantial evidence. *Fischer,* 695 N.W.2d at 33. Evidence is substantial when reasonable minds accept the evidence as adequate to reach a conclusion. *Id.* "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Raper v. State,* 688 N.W.2d 29, 36 (Iowa 2004) (citations omitted). However, appellate courts are not bound to a district court's conclusion of law or that court's application of legal conclusions. *Id.*

It is presumed that an agreement, which has been written and signed, is supported by consideration. *Kristerin Dev. Co. v. Granson Inv.,* 394 N.W.2d 325, 331 (Iowa 1986). A failure of consideration is a defense to enforcing the contract that must be proven by the party asserting the defense. *Hubbard Milling Co. v. Citizens State Bank,* 385 N.W.2d 255, 259 (Iowa 1986). We determine whether there is consideration from what is stated in the instrument or by what the parties contemplated at the

time the instrument was executed. *Id.* A party can use want of consideration as a defense to a subordination agreement. *Id.*

Consideration can be either a legal benefit to the promisor, or a legal detriment to the promisee. *Magnusson Agency v. Pub. Entity Nat'l Company-Midwest*, 560 N.W.2d 20, 27 (Iowa 1997). The district court found the bank suffered a detriment by loaning the plumbing business additional funding. The detriment to the bank is adequate consideration for the subordination agreement. *See* 55 Am. Jur. 2d *Mortgages* § 320, at 66 (2007) (stating the extension of future credit can serve as consideration for a subordination agreement). However, the question here is not whether this detriment was sufficient to constitute consideration; it is whether the benefit or the detriment was bargained for. *Magnusson*, 560 N.W.2d at 27. According to the Restatement (Second) of Contracts:

(1) To constitute consideration, a performance or a return promise must be bargained for.

(2) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.

§ 71, at 172 (1981); *see also id.* § 72, at 177 (stating "[e]xcept as stated in §§ 73 and 74, any performance which is bargained for is consideration"). For consideration to be "bargained for," the consideration must "induce" the making of the promise. *Id.* § 71 cmt. *b*, at 173.

A sufficient legal detriment to the promisee exists if the promisee "promises or performs any act, regardless of how slight or inconvenient, which he is not obligated to promise or perform so long as he does so at the request of the promisor and in exchange for the promise." 3 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 7:4, at

41 (4th ed. 1992). There is substantial evidence in the record the detriment suffered by the bank was bargained for.

Janice admitted that Craig and Sandra would receive a benefit if she signed the subordination agreement by stating the following:

> Question: Okay. And Craig and Sandy received a benefit also because they asked you to do this and this would help their business, correct?
>
> Janice: I suppose, yes.

"[I]t must appear that the disadvantage was suffered at the request of the promisor, *expressed or implied*." *Heggen v. Clover Leaf Coal & Mining Co.*, 217 Iowa 820, 824, 253 N.W. 140, 142 (1934) (citing *Handrahan v. O'Regan*, 45 Iowa 298, 300 (1876)) (emphasis added). Janice's statement implies she understood the bank would lend more money to Craig and Sandra if she signed the subordination agreement. By signing the subordination agreement, Janice impliedly requested Northwest Bank to refinance Craig and Sandra's loans, thus she requested the bank suffer a detriment.

Because there is substantial evidence the consideration was bargained for, we affirm the district court ruling on the consideration issue.

**B. Acknowledgment.** Janice argues the district court erred when it refused to render the subordination agreement null and void due to an insufficient acknowledgement. Specifically, Janice argues the document was not properly notarized. At trial both Janice and Legare testified the subordination agreement was not notarized in Janice's presence, but rather on a later date at the bank.

We have determined improper acknowledgment is not a valid defense in a controversy between original parties. *Brose v. Int'l Milling*

*Co.,* 256 Iowa 875, 880, 129 N.W.2d 672, 675 (1964). We only overturn a rule " 'after it has been duly tested by experience, [and it] has been found to be inconsistent with the sense of justice or with the social welfare.' " *McElroy v. State,* 703 N.W.2d 385, 395 (Iowa 2005) (quoting Benjamin N. Cardozo, *The Nature of the Judicial Process* 150 (1921)). We cannot say the rule disallowing the inadequate acknowledgement defense between original parties has been found to be inconsistent with the sense of justice or social welfare. To the contrary, it is generally held the defense has no merit among original parties. *See* Joyce Palomar, *Patton and Palomar on Land Titles* § 356, at 187–88 (3d ed. 2003) (stating "unless required by statute, the certificate of acknowledgement is not a part of a deed, and is unnecessary as against the grantor, her heirs and all others as to whom a conveyance is operative without being of record").

The acknowledgement is an official instrument used to show the promisor executed an instrument voluntarily. *Id.* In the case at hand, Janice does not argue she involuntarily signed the subordination agreement, or that she was under coercion or duress when she signed the agreement. Therefore, this case does not present a situation that demonstrates our long-standing rule regarding the improper acknowledgment defense is " 'inconsistent with the sense of justice or with social welfare.' " *McElroy,* 703 N.W.2d at 395 (citation omitted).

**C. Intentional Interference with a Contract.** To establish a claim of intentional interference with a contract, Janice needed to prove Northwest Bank intentionally and improperly interfered with the contract involving Craig, Sandra, and herself. *See Nesler v. Fisher & Co., Inc.,* 452 N.W.2d 191, 198 (Iowa 1990). We have held "a party does not improperly interfere with another's contract by exercising its own legal rights in protection of its own financial interests." *Berger v. Cas' Feed Store, Inc.,*

543 N.W.2d 597, 599 (Iowa 1996). It was not improper for Northwest Bank to ask Janice whether she would subordinate her interest to its own.

**D. Amended Petition.** At the end of trial Janice moved to amend her original petition to include a claim for fraud. Iowa Rule of Civil Procedure 1.457 allows a party to amend the pleadings to conform to the evidence presented at trial. Iowa R. Civ. P. 1.457. The issues to be tried are established either by the initial pleadings or by the consent of the parties, either expressly or impliedly. *Allison-Kesley AG Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 846 (Iowa 1992). Janice argued the issue of fraud was tried by implied consent of the parties; however, the district court found otherwise. We have held:

> "Allowance of an amendment to a pleading is the rule and denial the exception, although an amendment is not permissible which will substantially change the issue. Additionally, a trial court has considerable discretion as to whether an appropriate request for leave to amend should be granted or denied and we will reverse only where a clear abuse of discretion is shown."

*Id.* at 845 (quoting *M-Z Enters., Inc. v. Hawkeye-Sec. Ins. Co.*, 318 N.W.2d 408, 411 (Iowa 1982)). To give appropriate deference to the trial court, when a movant seeks to amend a petition based on trial testimony the movant knew or should have known prior to trial, the amendment is more properly denied than one that might have been otherwise allowed earlier in the proceedings. *Id.* at 846; *see also Mora v. Savereid,* 222 N.W.2d 417, 422–23 (Iowa 1974) (upholding denial of a motion to amend where testimony presented "no surprise" to moving party).

Janice knew, or should have known, the testimony that supported her fraud claim before trial because Legare offered similar testimony during his deposition; therefore, the district court did not abuse its

discretion in denying Janice's motion to amend her petition. *See Allison-Kesley AG Ctr., Inc.*, 485 N.W.2d at 846 (holding where plaintiff knew or should have known at the inception of the suit of the testimony the defendants offered at trial, the district court properly denied the plaintiff's motion to amend).

## IV. Disposition.

Because we find substantial evidence to support the district court's judgment on the issues of consideration, defective acknowledgment, and intentional interference with a contract and because the court did not abuse its discretion when it denied Janice's motion to amend her petition, we vacate the decision of the court of appeals, and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Baker, J., who takes no part.