# IN THE SUPREME COURT OF IOWA

No. 07–0944

Filed December 18, 2009

**JOHN MARGESON,** an Individual,
and **JENNIFER MARGESON,** an Individual,

     Appellees,

vs.

**THERESA A. ARTIS** a/k/a **TERRI ARTIS,** an Individual,
and **MASYD ENTERPRISES, L.L.C.,** an Iowa Limited Liability Company,

     Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Further review of court of appeals decision affirming summary judgment enforcing contract modification. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

Thomas G. Fisher, Jr. of Parrish, Kruidenier, Dunn, Boles, Gribble, Cook, Parrish, Gentry & Fisher, L.L.P., Des Moines, for appellants.

Jack H. Pennington and Allison E. Wallace of Dreher, Simpson & Jensen, P.C., Des Moines, for appellees.

**CADY, Justice.**

In this appeal, we must decide whether a contract modification was supported by consideration. We conclude no consideration supported the modification under the record presented. We vacate the opinion of the court of appeals and reverse the summary judgment granted by the district court.

## I. Background Facts and Proceedings.

John and Jennifer Margeson entered into a contract to sell a weight-loss franchise business called "Inches-A-Weigh" to Theresa Artis.[1] The parties memorialized their agreement in an "Asset Purchase Agreement" executed on October 1, 2004. The purchase price was $125,000, payable at the time of closing, unless "otherwise allowed by the sellers in writing, contemporaneously or following execution" of the agreement.

The parties subsequently executed a second document entitled "Sales Agreement Addendum" (the addendum). This addendum was signed on October 7, 2004. It set the price of the sale of the business at $155,000, with $135,000 payable at the time of the closing. Of the amount to be paid at closing, $125,000 was identified as the proceeds of a loan secured by Artis from First Bank, and $10,000 was to be paid in cash. The remaining portion of the purchase price was to be paid to the Margesons in monthly installments in amounts based on sales.

The closing was set for October 18, 2004. On that date, Artis tendered the $125,000 proceeds of the loan from First Bank, together with an additional $10,000 from two personal checks drawn on her bank.

The parties ran into some disputes following the closing. Artis stopped payment on one of the personal checks delivered at the time of closing and

---

[1]Inches-A-Weigh was actually owned by A Perfect Fit, L.L.C. The Margesons are manager-members of A Perfect Fit. A limited liability company formed by Artis, MASYD Enterprises, L.L.C., was also a party to the contract.

stopped making the monthly payments in March 2005. The Margesons responded by filing a lawsuit for breach of the addendum. During the course of the litigation, Artis admitted she failed to make the full cash payment of $10,000 required to be paid at the time of closing under the addendum and stopped making the monthly payments required under the addendum.

The Margesons eventually filed a motion for summary judgment. They claimed there was no genuine issue of material fact as to any of the elements of their claim for breach of contract. Artis asserted the addendum was unenforceable because it was not supported by consideration and that genuine issues of material fact existed over the interpretation of the original contract and the addendum.

The district court found the addendum was supported by consideration. It also found Artis was estopped to enforce the original agreement and that she waived the legal requirement for the addendum to be supported by consideration. It granted summary judgment to the Margesons.

Artis appealed, and we transferred the case to the court of appeals. The court of appeals affirmed the ruling of the district court. We granted further review.

## II. Standard of Review.

The parties agree the standard for reviewing rulings granting summary judgment is for correction of errors at law. *Carr v. Bankers Trust Co.*, 546 N.W.2d 901, 903 (Iowa 1996). Summary judgment is only appropriate when the record demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

### III. Discussion.

It is fundamental that a valid contract must consist of an offer, acceptance, and consideration. *Taggart v. Drake Univ.*, 549 N.W.2d 796, 800 (Iowa 1996). While the element of consideration can be confusing,[2] it has been an essential part of the development of our contract law and the traditional notion that contract law exists to enforce mutual bargains, not gratuitous promises. *See* I E. Allan Farnsworth, *Farnsworth on Contracts* § 2.5, at 85 (3d ed. 2004) [hereinafter *Farnsworth on Contracts*].

Generally, the element of consideration ensures the promise sought to be enforced was bargained for and given in exchange for a reciprocal promise or an act. *Magnusson Agency v. Pub. Entity Nat'l Co.-Midwest*, 560 N.W.2d 20, 27 (Iowa 1997). Thus, a promise made by one party to a contract normally cannot be enforced by the other party to the contract unless the party to whom the promise was made provided some promise or performance in exchange for the promise sought to be enforced. In other words, if the promisor did not seek anything in exchange for the promise made or if the promisor sought something the law does not value as consideration, the promise made by the promisor is unenforceable due to the absence of consideration. In this way, a promise is supported by consideration, in one of two ways. First, consideration exists if the promisee, in exchange for a promise by the promisor, does or promises to do something the promisee has no legal obligation to do. *See Meincke v. Nw. Bank & Trust Co.*, 756 N.W.2d 223, 227–28 (Iowa 2008) (noting the rule that "[c]onsideration can be either a legal benefit to the promisor, or a legal detriment to promisee"). Second, consideration exists if the promisee refrains, or promises to refrain, from

---

[2]For example, the enforceability of some promises has proven malleable as courts and scholars have rethought the theoretical underpinnings of the element of consideration. *See* I E. Allan Farnsworth, *Farnsworth on Contracts* § 2.2, at 77–79 (3d ed. 2004).

doing something the promisee has a legal right to do. 3 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 7:4, at 61 (4th ed. 2008).

Generally, we presume a written and signed agreement is supported by consideration. *Meincke,* 756 N.W.2d at 227. Thus, a party asserting a lack-of-consideration defense has the burden to establish the defense. *Id.* We look for consideration from the language in the contract and by "what the parties contemplated at the time the instrument was executed." *Id.* (citing *Hubbard Milling Co. v. Citizens State Bank,* 385 N.W.2d 255, 259 (Iowa 1986)).

The Margesons seek to recover under the terms of the addendum. In doing so, they seek to enforce the promise by Artis to purchase the business for $155,000. Artis argues the terms of the addendum are not a legally binding part of the contract.[3] More precisely, Artis argues the addendum, which was a modification of the original agreement, requires independent consideration to be binding. Artis argues there was no consideration in this case because the Margesons had a preexisting duty under the first agreement to sell the business to her for $125,000.

The Margesons do not argue the addendum was a new contract formed after rescission of the original contract.[4] Similarly, the Margesons do not question the legal requirement of consideration to support the contract modification. Instead, they argue additional consideration was present to support the modification.

[3]Artis also argues that, even if the addendum is supported by consideration, the two writings are ambiguous, requiring interpretation and precluding summary judgment. Our ruling on the consideration issue relieves us from the need to address this alternative argument.

[4]The parties to a contract are free to rescind the contract and subsequently form a contract requiring identical promises or performances by either side. *Recker v. Gustafson,* 279 N.W.2d 744, 755 (Iowa 1979). When a rescission is followed by a subsequent contract, the consideration for the two contracts can be identical. *Id.*

**A. Independent Consideration for Contract Modification.**
Generally, a promise to perform a preexisting duty does not constitute consideration. *Recker v. Gustafson*, 279 N.W.2d 744, 758 (Iowa 1979). No consideration exists when the promisee has a preexisting duty to perform because a promisor is already entitled to receive the promise made by the promisee and the promisee has only made what amounts to a gratuitous promise. We have specifically applied this rule to preexisting contractual obligations when parties to an original contract agree to modify that contract.

In *Recker*, we addressed the consideration to support a modification of a contract for the sale of real estate. *Id.* at 753–55. In that case, two couples contracted to convey 155 acres of farmland for $290,000 with an option for the buyers to purchase a contiguous five-acre tract for $30,000 if the sellers decided to sell the five acres at a future date. *Id.* at 746. A few weeks later, the parties conferred and agreed to modify the first agreement in two respects. *Id.* at 747. The buyers agreed to pay an additional $10,000 for the 155 acres and also agreed to alter the option to buy the additional five acres at a purchase price to set by the sellers at the time of the sale. *Id.*

After reviewing the case law concerning contract modifications, we "affirm[ed] our prior holdings that new consideration is necessary to support a contract modification." *Id.* at 759. We found "[t]he price hike, apparently, was motivated by a desire for more money," no new consideration existed, and the modification was not binding. *Id.* at 758–59. The parties in this case do not question the rule, so we likewise refrain from revisiting the precedent.[5] Our law clearly requires some new consideration to support the modification of a contract.

---

[5]It is noteworthy, however, that a significant number of commentators and a growing number of courts deride the preexisting-duty rule as outdated and unnecessary. *See, e.g.,*

Of course, the law of contracts is not concerned with the actual value of the consideration, only that some new consideration exists. As legal commentators point out, courts often search for even minimal benefit or detriment to satisfy the independent-consideration requirement. *See Farnsworth on Contracts* § 4.23, at 535 (noting Lord Coke held, "although the mere payment of a lesser sum cannot discharge a greater debt, 'the gift of a horse, hawk, or robe . . . in satisfaction is good' " (quoting *Foakes v. Beer*, L.R. 9 A.C. 605 (H.L. 1884))). This court has likewise held "[a] sufficient legal detriment to the promisee exists if the promisee 'promises or performs any act, regardless of how slight or inconvenient, which he is not obligated to promise or perform . . . .' " *Meincke*, 756 N.W.2d at 228 (quoting 3 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 7:4, at 41 (4th ed. 1992)). The critical inquiry is whether the promisee at least promises to give up something.

Consistent with *Recker*, Artis argues the addendum was unenforceable because it arose only from a desire by the Margesons to obtain more money

---

Corneill A. Stephens, *Abandoning the Pre-Existing Duty Rule: Eliminating the Unnecessary*, 8 Hous. Bus. & Tax L.J. 355 (2008) (labeling preexisting-duty rule as unnecessary in view of modern contract doctrines such as duress); *Farnsworth on Contracts* § 4.22, at 528–29 n.3 (listing numerous law review articles and a modest amount of case law questioning the rule); 2 Joseph M. Perillo & Helen H. Bender, *Corbin on Contracts* § 7.1, at 342 (rev. ed. 1995) ("The pre-existing duty rule is undergoing a slow erosion and, as a general rule, is destined to be overturned."); Robert A. Hillman, *Contract Modification in Iowa—Recker v. Gustafson and the Resurrection of the Preexisting Duty Doctrine*, 65 Iowa L. Rev. 343 (1980) (questioning utility of preexisting duty rule in Iowa). The Restatement (Second) of Contracts and the Uniform Commercial Code have adopted different rules. The Restatement approach allows contract modification in the absence of independent consideration when there is a change in circumstance, statutory support, or detrimental reliance. Restatement (Second) of Contracts § 89 (1979). The Uniform Commercial Code entirely eliminates the requirement to show independent consideration in sale-of-goods cases in order to permit "necessary and desirable modifications of sale contracts without regard to the technicalities which at present hamper such adjustments." 1A U.C.C. § 2–209(1) & cmt. 1 (2004).

Interestingly, *Recker* noted the Restatement (Second) approach, but refrained from endorsing or rejecting it because "no unanticipated circumstances" existed to support the modification. 279 N.W.2d at 758.

for their business than agreed in the original purchase agreement. Although Artis agrees she promised in the addendum to pay $30,000 more for the business, she claims the Margesons did not provide a return promise or performance in exchange for her promise to pay more money.

The Margesons argue the independent-consideration requirement is fulfilled in this case. They argue the addendum is supported by three instances of additional consideration: (1) a financing plan, (2) flexibility in payments, and (3) the ability to renegotiate the payment terms. The district court found these provisions to amount to independent consideration, as did the court of appeals.

The three terms of the addendum identified by the Margesons were not part of the original purchase agreement. However, additional terms in a modification agreement do not, alone, constitute new consideration for the modification. The additional terms must furnish consideration for the party seeking to enforce the modification.

New financing terms can constitute sufficient consideration to support the modification of a preexisting obligation. *See Meincke*, 756 N.W.2d at 227–28 (finding future financing sufficient to support a subordination agreement). Yet, the new financing terms would need to apply to the preexisting obligations under the original agreement to satisfy the consideration requirement needed for the modification that the promisee promise to do something the promisee has no prior legal obligation to do or refrain from doing something that the promisee has a legal right to do.

In this case, all three new financing terms pertained only to the promise made by Artis to pay the additional $30,000. Thus, the new financing terms under the modification were merely part of the new promise by Artis to pay an additional sum of money for the business. The terms did not establish that the Margesons promised to do something they were not

otherwise already obligated to do (sell business for $125,000 due at closing) or promised to refrain from doing something they had a legal right to do. Of course, the Margesons would have furnished new consideration for the modification if the financing terms under the modification applied to part or all of the $125,000 due at the time of closing of the original agreement. Under such a case, the Margesons would have furnished consideration because they would have promised to refrain from doing something (giving up the right to receive the original purchase price in a lump sum at the time of closing) that they had a legal right to do.

Consequently, just as occurred in the *Recker* case, the modification was nothing more than a unilateral price hike. *Recker* relied on numerous authorities in approving the rule that " 'a promise of additional performance for the same compensation or to pay additional compensation for the same performance is invalid for want of sufficient consideration.' " 279 N.W.2d at 754 (quoting 1A *Corbin on Contracts* § 175, at 114 (1963)). Here, Artis promised additional compensation for the same performance by the Margesons. Thus, the Margesons cannot enforce the promise by Artis to pay more money for the business because they failed to produce any evidence to show they promised to do something more than they had promised to do under the first agreement. The addendum does not reflect independent consideration and the summary judgment record does not demonstrate even a "horse, hawk, or robe" provided by Margesons in exchange for the additional purchase money.

**B. Estoppel and Waiver.** Despite the absence of consideration, we must further consider if the decision of the district court can be affirmed on the alternative grounds of estoppel and waiver. The district court found Artis was estopped from arguing the absence of consideration in the modification by her conduct in making payments to the Margesons

consistent with the addendum. It further found Artis waived the requirement for independent consideration to support the addendum by the provision in the original agreement that allowed written modifications of the agreement.

We recognize the doctrine of equitable estoppel in contract law. Under this doctrine, the parties to a valid contract may " 'estop themselves from asserting any right' " under the contract " 'by conduct inconsistent with the continued existence of the original contract.' " *Recker*, 279 N.W.2d at 755 (quoting *Severson v. Elberon Elevator, Inc.*, 250 N.W.2d 417, 421 (Iowa 1977)). The doctrine looks both to the acts of the parties and the contract itself. *Iowa Glass Depot, Inc. v. Jindrich*, 338 N.W.2d 376, 380 (Iowa 1983). Nevertheless, estoppel used to override the requirement of consideration to support a modification requires a showing that the party asserting estoppel detrimentally relied on the conduct of the other party so as to make it inequitable to allow that party to assert the lack of consideration. *See Republic Nat'l Bank of N.Y. v. Sabet*, 512 F. Supp. 416, 425–26 (S.D.N.Y. 1980).

In this case, the summary judgment record revealed no evidence to establish any inequity to the Margesons in allowing Artis to assert the legal defense of lack of consideration. The district court relied only on evidence that Artis acted inconsistently with the purchase price terms under the original agreement for a period of time to support the application of equitable estoppel. However, this evidence does not establish the required element of detrimental reliance.[6]

---

[6]The Margesons do not even argue they refrained from breaching the agreement and selling to another suitor at a higher cost, an argument which some commentators suggest may constitute a detriment to the seller sufficient to amount to consideration. *See Farnsworth on Contracts* § 4.17, at 506–07.

Parties to a contract can also agree to waive certain legal requirements. The district court found Artis and the Margesons waived the requirement of consideration for a modification agreement by including the following contract term in the original agreement:

> The aggregate purchase price for the assets, licensing and rights of the business shall be $125,000 payable at closing, in lump sum or as otherwise allowed by the sellers in writing, contemporaneously or following execution of this agreement.

The interpretation of a written contract is a question of law, unless the contract is ambiguous. *Allen v. Highway Equip. Co.*, 239 N.W.2d 135, 139 (Iowa 1976). Thus, the meaning of an unambiguous contract presents a legal question, which may be properly resolved by summary judgment. *McCormack v. Citibank, N.A.*, 100 F.3d 532, 538 (8th Cir. 1996).

The plain language of the contract provision at issue in this case reveals it unambiguously applied only to the timing of the payment of the agreed purchase price of $125,000. It did not allow the Margesons to modify the amount of the purchase price. Consequently, the clause did not support a waiver of the requirement of consideration for a modification of the purchase price.

## IV. Conclusion.

The addendum was not supported by independent consideration.[7] The Margesons were not entitled to summary judgment on their breach-of-contract claim. The decision of the court of appeals is vacated, and the district court judgment is reversed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

All justices concur except Wiggins and Baker, JJ., who take no part.

---

[7]Based on our determination the addendum is not supported by consideration, in favor of Artis, we forego consideration of Artis's alternative argument that the two writings referenced in this case are ambiguous, precluding summary judgment.