# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3094

_____

Kevin Jones

*Plaintiff - Appellant*

v.

Mark Frost; Gary Dunn; James Bacon; City of Russellville, Arkansas

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 10, 2014
Filed: October 30, 2014

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Kevin Jones filed this action four years after an Arkansas jury acquitted him of murdering Nona Dirksmeyer. Jones alleges that the City of Russellville, two police officers named Mark Frost and James Bacon, and Gary Dunn, another man

suspected of the murder, conspired to frame him for the crime. The district court[1] concluded that the statute of limitations on Jones' claims had run and granted summary judgment for the defendants. We affirm.

Nona Dirksmeyer, a nineteen year old student at Arkansas Tech University, was murdered in her Russeville, Arkansas apartment on December 15, 2005. She died after someone bludgeoned the back of her head with a lamp. Working under police chief James Bacon, officer Mark Frost investigated her murder and suspected that the crime was committed by either Kevin Jones, Dirksmeyer's boyfriend, or Gary Dunn, a parolee who lived across the street from her. After investigating both Jones and Dunn, Frost presented his findings in a report to the state prosecutor. His report stated that Jones had failed a polygraph exam and had given conflicting accounts about where he was at the time of the murder. According to the report, Dunn had passed his polygraph exam and claimed he had been shopping with his mother at the time Dirksmeyer was killed. Frost examined bank records that apparently confirmed where Dunn's mother had been on December 15, but a bank employee later told him that the records might not be accurate. As a result Frost decided not to include the bank records in his report to the prosecutor.

Based in part on Frost's report, the state charged Jones with murder. He went to trial, and a jury acquitted him in July 2007. A few months later, the state linked DNA evidence found in Dirksmeyer's apartment to Dunn. The state then prosecuted Dunn, who argued that Jones had committed the murder. Two different juries deadlocked over Dunn's guilt, and the charges against him were dropped after the second mistrial.

---

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Over four years after his acquittal, Jones brought the present action alleging that Frost, Bacon, Dunn, and the City of Russellville had conspired to conceal evidence and deprive him of his constitutional right to a fair trial. He seeks relief under 42 U.S.C. §§ 1983 and 1985 and alleges malicious prosecution claims under federal and state law. The district court concluded that these claims were time barred by the relevant statutes of limitations and granted summary judgment to the defendants. Jones appeals.

We review the district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. Baye v. Diocese of Rapid City, 630 F.3d 757, 759 (8th Cir. 2011). Summary judgment is proper when there is no genuine dispute of material fact and the prevailing party is entitled to judgment as a matter of law. Id.

The Arkansas personal injury statute of limitations applies to Jones' claims under 42 U.S.C. §§ 1983 and 1985. See Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991). Arkansas provides a three year statute of limitations for state malicious prosecution claims. Ark. Code Ann. § 16-56-105. Jones admits that he filed his suit outside the applicable statutes of limitations, but he argues that he is entitled to equitable tolling based on fraudulent concealment. He asserts that the defendants concealed a portion of Frost's handwritten field notes which incriminated Dunn and which should have been disclosed to the state prosecutor. Jones claims that this omission was part of a conspiracy extending to the highest levels of the city government, which only came to his attention after the limitations period had run.

To establish equitable tolling, a party must show "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). Even viewing the evidence here in the light most favorable to Jones, Frost's field notes cannot reasonably be read to contradict the report that he provided to the state

prosecutor. The notes indicate that bank records could not confirm the location of Dunn's mother on the day of the murder. Frost's report to the prosecutor said that Dunn had passed a polygraph test and given a statement that he was with his mother on the day of Dirksmeyer's death. These documents do not conflict with one another. Frost's decision not to pass along notes regarding inconclusive bank records does not show that he conspired with Dunn and the Russellville city government to commit a "positive act of fraud." Id. at 1017.

Furthermore, even if Frost had fraudulently attempted to conceal his field notes, that action would not have tolled the statutes of limitations if Frost "could have discovered the fraud or sufficient other facts on which to bring [a] lawsuit, through a reasonable effort." Varner, 371 F.3d at 1017. Jones' investigator testified that in February or March of 2008 he had access to a typed copy of Frost's field notes. The investigator also testified that around the same time he conducted an independent investigation of the transactions mentioned in Frost's notes. This testimony shows that Jones could have discovered the contents of Frost's notes more than three years before he filed his complaint in December 2011.

Jones offers additional evidence to support his conspiracy claims, but this evidence was similarly available to him more than three years before he filed his complaint. Jones' counsel knew that the police had investigated Dunn as a potential suspect in Dirksmeyer's murder before Jones was acquitted of the crime. DNA evidence found in Dirksmeyer's apartment that indicated Dunn had been at the scene of the crime was available to Jones in December 2007. Even if the statutes of limitations were tolled until Jones' investigator undertook an independent examination of Dunn's alibi in March 2008, Jones still failed to file his complaint within the applicable three year time period. His claims are time barred.

For these reasons we affirm the judgment of the district court.

_____

-4-