# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3025

_____

Quality Ag Service of Iowa, Inc.

*Plaintiff - Appellant*

v.

Burlington Northern and Santa Fe Railway; BNSF Railway Company; Burlington
Northern and Santa Fe Railway Company; Burlington Northern Railroad Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 22, 2015
Filed: October 30, 2015

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

The question in this appeal is which party owns a particular sidetrack in
Melrose, Iowa. The sidetrack is adjacent to two railroad tracks belonging to
Burlington Northern Santa Fe Railway ("BNSF") and also to the property of Quality
Ag Service of Iowa ("Quality Ag"). Quality Ag contends that it owns the sidetrack
by means of adverse possession due to its continuous possession of the sidetrack from

August 25, 2000 to August 25, 2010. BNSF has stored equipment on the sidetrack since one of its trains derailed near it on August 3, 2010.

Quality Ag alleges that BNSF has breached an agreement between the parties. BNSF's motion for summary judgment was granted by the district court[1] after it concluded that the adverse possession claim by Quality Ag was insufficiently pled, that BNSF owns the sidetrack, and that the agreement alleged by Quality Ag lacked consideration. On Quality Ag's appeal we conclude that its claim of adverse possession fails since it did not exclusively possess the sidetrack for at least ten years.

BNSF owns two railroad tracks that run through Melrose, Iowa. In 1994 it sold a parcel of land adjacent to its railroad tracks in Melrose to Farmers Cooperative Association ("Farmers Coop"). The sale did not include an adjoining sidetrack used to divert railroad traffic off the main tracks. Farmers Coop sold its parcel to Quality Ag on August 25, 2000, and Quality Ag has since used the sidetrack to receive fertilizer deliveries. Its president and owner, Joseph Sinclair, testified at his deposition that a representative of Farmers Coop told him that at the time of the sale the purchased property included the sidetrack. Thus, from August 25, 2000 until at least 2012, its president assumed that Quality Ag owned the sidetrack. Sinclair also testified that shortly after Quality Ag's purchase from Farmers Coop it entered into an agreement permitting BNSF to use the sidetrack if BNSF maintained it. Quality Ag was unable to produce this alleged written agreement.

On August 3, 2010 a BNSF train derailed one hundred yards east of the sidetrack. Since then the railroad has kept equipment on the sidetrack, preventing Quality Ag from using the track. As a result fertilizer deliveries to Quality Ag must be made by truck at increased cost, and Quality Ag filed this action against BNSF.

[1]The Honorable John A. Jarvey, United States District Court Judge for the Southern District of Iowa.

Count I, which has since been dismissed, sought damages due to increased delivery costs and property damage resulting from the derailment. Count II alleges that BNSF has failed to maintain the sidetrack in violation of its contract with Quality Ag.

Although BNSF produced a land survey during discovery which shows it as the owner of the sidetrack, Quality Ag responds that it is the owner because of its adverse possession. The district court granted summary judgment to BNSF on Count II. The court ruled that BNSF owned the sidetrack and that Quality Ag could not prevail on its adverse possession theory because it had not been pled in its complaint. The court also concluded that the maintenance agreement lacked consideration because it simply allowed BNSF the right to use its own property. Quality Ag appeals.

We review a district court's grant of summary judgment de novo, "viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party." Jones v. Frost, 770 F.3d 1183, 1185 (8th Cir. 2014). Summary judgment is appropriate "when there is no genuine dispute of material fact and the prevailing party is entitled to judgment as a matter of law." Id.

Quality Ag argues that it owns the sidetrack pursuant to adverse possession and that the district court erred in concluding that it had not properly pled that theory. We need not analyze whether Quality Ag's adverse possession claim was properly pled because it fails as a matter of law. In order to gain title by adverse possession, one "must establish hostile, actual, open, exclusive and continuous possession, under a claim of right or color of title, for at least ten years, by clear and positive proof." Carpenter v. Ruperto, 315 N.W.2d 782, 784 (Iowa 1982). The exclusive possession element is not met if the landowner and the potential adverse possessor both occupy the land during that ten year period. Huebner v. Kuberski, 387 N.W.2d 144, 147 (Iowa Ct. App. 1986). In order to prevail here, Quality Ag must prove adverse possession for the period between August 25, 2000 and August 25, 2010. Since

BNSF began occupying the sidetrack after the derailment on August 3, 2010, Quality Ag cannot establish its adverse possession claim.

The alleged maintenance agreement between the parties must be supported by consideration requiring either a benefit to the promisor or a detriment to the promisee. See Margeson v. Artis, 776 N.W.2d 652, 655 (Iowa 2009). Since Quality Ag has not shown that it owns the sidetrack, its breach of contract claim also fails. The judgment of the district court is affirmed.

_____