## IN THE COURT OF APPEALS OF IOWA

No. 15-1228
Filed June 29, 2016

LINDA I. PETERSON AS TRUSTEE OF THE
LINDA I. PETERSON REVOCABLE TRUST,
MARK PETERSON AND LINDA PETERSON,
    Plaintiffs-Appellants,

vs.

KAY DOROTHY POHREN ADAM,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jefferson County, Randy S. DeGeest, Judge.

Sellers appeal the order dismissing their claim for breach of a real estate purchase agreement. **REVERSED AND REMANDED.**

Lucas C. Helling and Vanessa M. Y. Willman of Foss, Kuiken & Cochran, P.C., Fairfield, for appellants.

Paul A. Miller of Miller Law Office, Fairfield, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

On March 5, 2013, appellants Mark and Linda Peterson (Petersons) executed an agreement to sell their home to appellee Kay Dorothy Pohren Adam (Adam) for $295,000.  Adam is the ward of a voluntary conservatorship.  A court ruling in Adam's conservatorship dated October 29, 2012, allowed Adam the limited use of funds from her conservatorship to purchase a home on certain conditions.  Those conditions were:

   a) [Adam] is permitted to purchase a home valued at not to exceed $350,000;

   b) If [Adam] decides to purchase an alternative residence, an appropriate written appraisal of the property shall be obtained and served on all counsel;

   c) The specific purchase shall be subject to further court approval, after notice and an opportunity to be heard;

   d) If an alternative home is purchased, [Adam] and the conservator shall sell her current residence within six months, with the proceeds therefrom payable into the conservatorship;

   e) Costs associated and the purchase price of the alternative residence shall be paid by the conservatorship.  The care, maintenance, upkeep and other expenses of the home shall be paid from [Adam's] monthly stipend from the conservatorship.

On April 3, 2013, Adam filed an "application to approve purchase of residence" in her conservatorship case.  Hearing on the matter was set for April 26.  On April 12, her attorney notified the Petersons' attorney that Adam was backing out of the deal.  The Petersons subsequently sold the home to another buyer for $265,000.  They brought suit against Adam for damages due to her alleged breach of contract.

The Petersons filed a motion for summary judgment.  The court denied that motion, citing genuine issues of material fact, including the question of Adam's capacity to contract.  The parties held a pretrial conference on May 4,

2015. Following that pretrial conference, a motion in limine was scheduled for hearing, and in preparation for the hearing, the parties were directed to file briefs on the issue of "whether [Adam's] status as a ward of a conservatorship preclude[d] her from entering into a binding contract." The court ruled that it did and dismissed the Petersons' petition. The Petersons now appeal. Our review is for correction of errors at law. *See Meincke v. Nw. Bank & Trust Co.*, 756 N.W.2d 223, 227 (Iowa 2008).

Iowa Code section 633.637 (2013) provides:

A ward for whom a conservator has been appointed shall not have the power to convey, encumber, or dispose of property in any manner, other than by will if the ward possesses the requisite testamentary capacity, unless the court determines that the ward has a limited ability to handle the ward's own funds. If the court makes such a finding, it shall specify to what extent the ward may possess and use the ward's own funds.

"Property" includes money. *See* Iowa Code § 4.1(21), (24). Adam, as a ward of a conservatorship, therefore did not have the power to dispose of her money unless the court determined she had a limited ability to handle her own funds. The October 29, 2012 order does just that. The order further specifies to what extent she may possess and use her own funds.

Before the Petersons can prove Adam breached the contract, they must prove a contract existed. The district court concluded no contract existed because the court did not approve this contract in accordance with condition (c) of the October 29, 2012 order. In other words, court approval is a condition precedent to the formation of a valid contract between the parties.

That, however, is not the issue upon which the district court was asked to rule. The court was asked to determine if Adam had capacity to contract—the

first essential element of a contract. *See Magnusson Agency v. Public Entity Nat'l Co.*, 560 N.W.2d 20, 25 (Iowa 1997). The code provides, "If a conservator be appointed, all contracts, transfers and gifts made by the ward after the filing of the petition shall be presumed to be a fraud against the rights and interest of the ward except as otherwise directed by the court pursuant to section 633.637." Iowa Code § 633.638. While the code creates a presumption of fraud when a ward enters into a contract, the code also provides the mere fact one is a ward does not constitute an adjudication one is of unsound mind and thus incapable of contracting. *See* Iowa Code § 633.636. Our case law also provides that wards have testamentary and contractual capacity. *See Dean v. Estate of Atwood*, 212 N.W. 371, 373 (Iowa 1927). They may enter into contracts for necessaries. *Id.* at 373-74. They may enter into marriage contracts. *See Johnson v. Johnson*, 8 N.W.2d 620, 623 (Minn. 1943) (holding incompetent ward could enter into valid marriage contract in Iowa). "Capacity to contract may be partial and its existence in respect of a particular transaction may depend upon the nature of the transaction or upon other circumstances." Restatement (Second) of Contracts § 12(1) (Am. Law Inst. 1981). The recognition that wards' rights may be situation-dependent, of course, informs the language of section 633.637 providing for "limited ability" to manage funds. One may be bound by a contract where that person has the legal capacity to incur at least a voidable contractual duty. *See* Restatement (Second) of Contracts § 12. The acts of those under a conservatorship are voidable, not void. *See United States v. Price*, 514 F. Supp. 477, 480 (S.D. Iowa 1981); *Dean*, 212 N.W. at 373.

There can be no doubt Adam had the legal capacity to contract. Whether she had the actual capacity to contract in the instant case and whether the Petersons can overcome the statutory presumption of fraud are questions of fact for the finder of fact. *See* Iowa Code § 633.638. Unlike the district court, we do not conclude that court approval of the specific purchase was a condition of Adam's ability to contract. The district court's October 2012 order granted Adam the ability to contract up to a stated amount. Instead, the condition that Adam obtain court approval of the specific contract was a condition imposed upon her, which was not contained in the parties' contract, necessary for her to complete her performance. This would be no different from a purchaser who needed to obtain financing to complete a purchase but failed to make the purchase subject to financing. The failure of the purchaser to obtain financing, when the condition is not included in the contract, does not relieve the purchaser of performance. We think there remain questions as to whether a contract was formed and, if so, whether a breach occurred. But those questions can be resolved at trial.

**REVERSED AND REMANDED.**