# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3521
_____

Cedrick Simpson

*Plaintiff - Appellant*

v.

City of Little Rock, a municipality; Greg Siegler, individually and in his official capacity; Does, unidentified employees of the City of Little Rock

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 3, 2017
Filed: August 9, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Cedrick Simpson appeals the district court's[1] grant of summary judgment to defendants Greg Siegler and the City of Little Rock. His claims arose from his arrest, prosecution, and acquittal in state court.

After carefully reviewing the record, and the parties' arguments on appeal, we find no basis to reverse. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed de novo, viewing record in light most favorable to nonmovant). Specifically, we conclude that Simpson's claim under Brady v. Maryland, 373 U.S. 83 (1963), failed because he was acquitted at trial, see Livers v. Schenck, 700 F.3d 340, 359 (8th Cir. 2012) (no Brady violation where plaintiffs were not convicted); that Simpson's due process claim failed because there was no evidence in the record that these defendants destroyed potentially exculpatory evidence in bad faith, see Briscoe v. Cty. of St. Louis, 690 F.3d 1004, 1011, 1013 (8th Cir. 2012) (investigating officer violates defendant's due process rights if officer fails to disclose or preserve potentially exculpatory evidence in bad faith); that any Fourth Amendment claim based on Simpson's arrest was barred by the applicable statute of limitations, see Wallace v. Kato, 549 U.S. 384, 387-91 (2007) (for claimant asserting cause of action for allegedly wrongful arrest, statute of limitations begins to run at time claimant becomes detained pursuant to legal process); Jones v. Frost, 770 F.3d 1183, 1185 (8th Cir. 2014) (statute of limitations for § 1983 actions in Arkansas is 3 years); Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (this court can affirm on any basis supported by record); and that Simpson failed to create a genuine issue of material fact as to municipal liability, see Keefe v. City of Minneapolis, 785 F.3d 1216, 1227 (8th Cir. 2015) (city liability requires policy or custom); cf. Ulrich v. Pope Cty., 715 F.3d 1054, 1061 (8th Cir. 2013) (failure-to-train pleading standard). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.