**IN THE COURT OF APPEALS OF IOWA**
No. 15-2126
Filed January 25, 2017

**IN THE MATTER OF THE ESTATE OF
MARGARET E. WORKMAN, Deceased,**

**DENNIS WORKMAN,**
        Plaintiff-Appellant,

**vs.**

**GARY WORKMAN, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF
MARGARET E. WORKMAN,**
        Defendant-Appellee,

**and**

**LAVERNE WORKMAN, CYNTHIA NOGGLE, RANDY NOGGLE, MINDY
(NOGGLE) SHERWOOD, CHRISTINE (WORKMAN) THOMPSON, and
JEFFREY WORKMAN,**
        Defendants.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.

        Dennis Workman appeals the law applied by the district court in the

summary judgment ruling and the denial of his motion to amend.  **AFFIRMED.**

        Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellant.

        Daniel P. Kresowik of Stanley, Lande & Hunter P.C., Davenport, for

appellee.

        Heard by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

CLERK OF SUPREME COURT

JAN 25, 2017

ELECTRONICALLY FILED

**VAITHESWARAN, Presiding Judge.**

Margaret Workman's will was admitted to probate. Her son Dennis petitioned to set aside the will on the ground that she lacked the testamentary capacity to execute it and Margaret's other son Gary was in a confidential relationship with and exercised undue influence over her.

Gary moved for summary judgment. The district court found (1) Margaret possessed testamentary capacity, (2) a confidential relationship analysis only applied to "inter vivos transfers," and (3) a fact issue precluded summary judgment on the undue influence claim. The court granted the motion on the testamentary-capacity claim and denied the motion on the undue-influence claim.

The case proceeded to trial on the undue-influence claim. At the end of trial, Dennis moved to amend his petition to conform to the proof. The district court denied the motion. The jury found for Gary.

On appeal,[1] Dennis takes issue with the law on confidential relationships cited by the district court in its summary judgment ruling.[2] *See In re Estate of Todd*, 585 N.W.2d 273, 277 (Iowa 1998) ("Where a confidential relationship is found to exist, and inter vivos conveyances are challenged, the burden of proof shifts to the benefitted parties to prove . . . their freedom from undue influence. No such presumption of undue influence exists in the case of a will contest, even where the testator and beneficiary stand in a confidential relationship."). He concedes the district court correctly articulated the law but argues "this should [not] continue to be the standard for cases involving a confidential relationship

---

[1] A second appeal in the same matter raises additional issues. We address those issues in a separate opinion.

[2] Gary contends Dennis failed to preserve error on this claim. We disagree.

and undue influence in the State of Iowa." We are "not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Because the district court cited appropriate precedent on confidential relationships, we affirm the summary judgment ruling.

Dennis also contends the district court abused its discretion in denying his motion to amend his petition to conform to the proof. *See Holliday v. Rain & Hail L.L.C.*, 690 N.W.2d 59, 63 (Iowa 2004) (setting forth standard of review). In his view, the court should have allowed him to contest prior wills executed by Margaret to "illuminate[]" his undue-influence claim.

Although Iowa Rule of Civil Procedure 1.457 permits amendments to conform to the proof, a court may deny the motion where "a movant seeks to amend a petition based on trial testimony the movant knew or should have known prior to trial." *Meincke v. Nw. Bank & Tr. Co.*, 756 N.W.2d 223, 229 (Iowa 2008).

Dennis was aware of the prior wills and, indeed, cited them in his petition. If he wished to raise independent claims with respect to those wills, he could have done so at the outset. *See Holliday*, 690 N.W.2d at 65 (noting "the information the [plaintiffs] needed" to amend their petition "was available to them" much earlier); *see also Meincke*, 756 N.W.2d at 229 (noting plaintiff "knew, or should have known, the testimony that supported her fraud claim before trial"). The only will he challenged was the most recent one and the only will Gary defended was the most recent one. As the district court noted, "[T]he defense . . . prepared their whole . . . case in defending the 2007 Will and the 2008 Codicil" and there "would have been . . . much different proof presented" if they also had

to defend the prior wills. We conclude the district court did not abuse its discretion in denying the motion to amend.

**AFFIRMED.**



IOWA APPELLATE COURTS

State of Iowa Courts

**Case Number**      **Case Title**
15-2126              In re Estate of Workman

Electronically signed on 2017-01-25 08:25:59