In re Estate of J. W. Townsend, Deceased, Edith Townsend, by Frank Luman, her next friend, Contestant, v. Charity Townsend, et al., Proponants and Appellants.

Wills: Undue influence: Burden of proof.. The burden is upon
1   one contesting a will on the ground of undue influence to prove such influence, and that it operated upon the mind of the testator at the time of making the will so as to change his real desire and intent.

Undue influence: Evidence. Neither opportunity to exercise un-
2   due influence over a testator nor advice nor solicitation will

vitiate a will, unless it be further shown that the real purpose and intent of the testator were destroyed thereby.

**Same.** The fact that a testator was exceedingly fond of the contestant and that his will was unjust to her are not enough standing alone to defeat a will.

**Same.** Where it is conceded that a testator was of strong mind and not easily influenced and up to the time of his death a prosperous business man, the evidence of undue influence must bé clear and convincing to defeat his will.

**Same.** Evidence reviewed and held insufficient to support a verdict and judgment setting aside a will on the ground of undue influence.

*Appeal from Davis District Court.—* HON. M. A. ROBERTS, Judge.

FRIDAY, OCTOBER 20, 1905.

CONTEST over the probate of the will of J. W. Townsend. The case has been twice tried to a jury, resulting both times in a verdict for the contestant, and this is the second appeal. On the first appeal, the case was reversed because of error. It is reported in 122 Iowa, 246, where a full statement of the facts is given, which need not be repeated here. There was a judgment on this trial for the contestant, and the proponents appeal.— *Reversed.*

*Henry C. Taylor* and *Payne & Sowers,* for appellants.

*H. C. Traverse* and *Wherry & Walker,* for appellee.

SHERWIN, C. J.— The will in question was properly executed on the 9th day of June, 1896, and the contestant admits that J. W. Townsend was then of sound mind. She contends, however, that the will was procured by the undue influence and fraud of the proponents, or some of them. The jury determined the issue in the contestant's favor, and whether or not the verdict should be permitted to stand is the most serious question for our consideration. Before pro-

ceeding to the consideration of the evidence which the con-
testant claims justifies the verdict and judgment, we may
call attention briefly to the well-settled rules of law governing
contests of this kind.

The burden of proving undue influence, and that it op-
erated upon the mind of the testator at the very time the will
was executed to such an extent that the will was the result
L. **WILLS:** un-     thereof, is upon the contestant.   *Webber v.*
**due influence:**
**burden of**       *Sullivan,* 58 Iowa, 260; *Perkins v. Perkins,*
**proof.**
116 Iowa, 253; *Mallow v. Walker,* 115 Iowa, 238.

It is not enough to show that there was an opportunity
to exercise the undue influence complained of, there must be
evidence that it was exercised, and that it was instrumental
2. **UNDUE**       in procuring the will.   The proponents are the
**INFLUENCE:**
**evidence.**       widow and children of the deceased, and it is
claimed that some one or more of them procured the execu-
tion of the will.   There is no evidence that any one of them
ever had a word with the testator concerning the will, or the
way in which he should dispose of his property, and, even
if such evidence existed, it would not necessarily furnish
ground for holding that there was undue influence exer-
cised over the testator.   Neither advice nor solicitation, how-
ever earnest and insistent, will vitiate a will, unless it be
further shown that the freedom of the will was in some way
impaired or destroyed thereby.   *Chambers v. Brady,* 100
Iowa, 622; *Mallow v. Walker, supra; Orr v. Pennington,* 93
Va. 268 (24 S. E. Rep. 928).

It may be conceded for the purposes of this case that
the deceased was extremely fond of the contestant, and that
the will is unreasonable and unjust so far as she is concerned,
3. **SAME.**       and yet these reasons considered separately or
together are not alone sufficient to defeat the
will.   *Trotter v. Trotter,* 117 Iowa, 417; *Muir v. Miller,* 72
Iowa, 585.

A person has the right to dispose of his property as he
will, and mere inequality in his testament will never be

permitted to defeat it; otherwise, the valuable right of free
disposition would be swept entirely away. It
is admitted, as we have seen, that the testator
was of sound mind when the will was made, and it is proven
beyond controversy that he was then, and up to the time of
his death, a prosperous business man, with a strong and vig-
orous mind, not easily changed or influenced; and under such
circumstances, the evidence of undue influence should be clear
and convincing. *Culbertson's Appeal,* 97 Pa. 163.

4. SAME.

There is evidence tending to show that after his son's
death, and prior to the execution of the will, the testator and
the contestant's mother were not on good terms, and that at
one time, when she, the testator and one of the
proponents were together, there was talk be-
tween her and the proponent as to the financial assistance
that had been rendered to her husband by his father, and
that the proponent then said that he would see that " we
didn't get any more." There is also evidence tending to
prove that, after the execution of the will, the testator said
to the contestant's mother, that his boys would " not hear
to his giving Edith anything," and that, if he had provided
for Edith in the will, they would have left him to manage his
estate alone. The statement of the proponent, if made, was
no more than a declaration of his intent, and is not evidence
even that he attempted to influence the will. The declara-
tion of the testator that his sons would not hear to his giving
anything to Edith, if competent, is of slight value as evidence
tending to prove undue influence. As we have heretofore
said, there was no direct evidence that any of his sons had
ever talked with him about the will or about the disposition
of his property, or that they knew that he had executed the
will. The will was drawn under his personal direction when
he was concededly thoroughly competent to make it, and was
apparently under no coercion, and it remained under his con-
trol up to his death, some five years thereafter. In Schouler
on Wills (3d Ed.), sec. 243, it is said:

5. SAME.

Declarations made at any distance of time after the will was executed are all the less pertinent to show fraud and undue influence, where the will itself has remained in the testator's possession and control uncanceled; and mere declarations, whether previous or subsequent to the will, amount of themselves to very little in the face of a *prima facie* showing that the testator was a thoroughly competent person, enjoying normal health, and under no apparent coercion or stress of error when he executed the instrument, especially if he looked personally after the details of drawing and executing his own will.   In short, a testator's declarations, whether made before or after the execution of the will, aside from the time of the execution itself, are admissible chiefly to show his mental condition or the real state of his affections; and they are received, rather as his own external manifestations than as evidence of the truth or untruth of facts relative to the exertion of undue influence upon him.   They may corroborate, but the issue calls for its own proof from the living. . . .   There, on the whole, should be independent testimony indicating undue influence before the decedent's declarations are considered, and then they are chiefly pertinent to show the condition of mind susceptible to the sinister influence, and a testamentary act correspondingly.

The rule thus announced by the eminent writer is so just and so applicable to this case that we feel no hesitation in adopting it to its fullest extent.   See, also, *Manatt v. Scott,* 106 Iowa, 203.

When the case was before us on the former appeal, we seriously doubted the sufficiency of the evidence, and such doubt was expressed in the opinion, and we are now thoroughly satisfied that the verdict should not stand; for putting aside the declarations of the testator, there is no evidence in the record tending in any way to show that the will was not his free act.   The case having been twice tried to a jury with the same result, we have given the evidence very careful consideration.   The claims made for it in the oral and printed arguments have also been fully considered, and we are abidingly satisfied that there is no substantial evi-

dence supporting the verdict and judgment. Many errors are assigned and argued, but, as we believe that our conclusion on the facts will be a final disposition of the case, we need not extend this opinion for a discussion thereof.— *Reversed.*