**Jon T. JAMES, Cherri R. James, and Lacey James, Kendra James, and Zachary James, Minors, by Cherri R. JAMES, Their Mother and Next Friend, Appellants,**

v.

**BURLINGTON NORTHERN, INC., Appellee.**

No. 96–1986.

Supreme Court of Iowa.

Dec. 23, 1998.

John J. Gajdel and Peter W. Berger of Berger & Culp, P.C., Des Moines, for appellants.

Michael W. Thrall of Nyemaster, Goode, Voigts, West, Hansell & OBrien, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

This is an appeal and cross-appeal from a modest tort recovery for loss of consortium arising from serious injuries incurred in an automobile-train collision. The assignments are varied and complex, but many will be passed because the case must be controlled by a directed verdict for the defendant railroad.

Plaintiff Jon T. James suffered the injuries when the car he was driving was struck by a Burlington Northern, Inc. freight train at a crossing near his home in Avery, Iowa. James remembers nothing of the accident, but testified he regularly used the crossing on his way to work, and that his usual practice was to stop before crossing the tracks.

James' wife and children (hereafter referred to in the singular) joined as plaintiffs to assert loss-of-consortium claims. The James alleged five grounds of negligence.[1] Included were counts alleging failure to keep the crossing in good repair and failure to warn of the extra-hazardous crossing.[2] James' counsel consented to withdrawal of the failure-to-warn/extra-hazardous-crossing claim, conceding "we don't believe the evidence would support that going to the jury." This left only one claim—failure to repair the crossing— remaining from the original counts in the petition.

James was allowed to add one more. Under Iowa rule of civil procedure 119 (allowing amendments of pleadings in order to conform with the evidence), the trial court granted James' request to add a claim that the railroad failed to control vegetation on the railroad right of way. The two counts, failure to keep the crossing in repair and failure to

1. The railroad engineer and Monroe County were also sued as defendants. The plaintiffs settled with Monroe County. The engineer was granted a directed verdict. The jury found James 90% at fault and hence not entitled to recover under Iowa Code § 668.3(1) (1997). The present appeal concerns only the loss-of-consortium claim against the railroad.

2. At the close of the plaintiffs' case, the court granted the railroad's motion for a directed verdict as to claims based on failure to have the train under control, failure to keep a proper lookout, and failure to sound a train horn or bell. There is no challenge regarding the dismissed claims.

control vegetation, were the only two claims submitted to the jury.

Following jury verdicts, the trial court entered judgments of $937.50 for past loss of consortium and $937.50 for future loss of consortium.[3] On appeal the James assigned various errors. On its cross-appeal the defendant railroad assigned, among others, a claim that the directed verdict should have been ordered in their favor.

■■ I. Our scope of review is for correction of errors at law. Iowa R.App. P. 4; *Podraza v. City of Carter Lake,* 524 N.W.2d 198, 202 (Iowa 1994). We review the evidence in the light most favorable to the nonmovant and determine whether sufficient evidence existed to warrant submission of the issues to a jury. *Id.* This requires us to consider whether reasonable minds could differ on the issues in controversy. *Id.*

■ James thinks the railroad has not preserved error on its directed-verdict claim. The claim was raised in the railroad's trial motion for directed verdict and again in its posttrial motion for a new trial. Citing Iowa rule of civil procedure 196, James contends the railroad's position on the issue should also have been asserted as an objection to the proposed jury instructions which submitted the two negligence theories for jury consideration. We disagree. The railroad was not required, in order to preserve error, to also object to the instructions. The record made regarding instructions cannot be taken as an abandonment of the railroad's clear position that, as a matter of law, the case should not have been submitted to the jury at all. *Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 617 (Iowa 1990) (point asserted in motion for directed verdict and again in motion for new trial is sufficiently preserved). The matter is properly before us.

■ II. James' failure-to-repair claim is grounded in Iowa Code section 327F.1 (1997) which states:

Any railroad company may build its railway across, over, or under any other railway, canal or water course, when neces-

sary, but shall not thereby *unnecessarily impede* travel, transportation or navigation. It shall be liable for all damages caused by such crossing.

(Emphasis added.) The trial court's instruction, modeled on Iowa uniform jury instruction 1700.5 was starkly simple. It merely stated:

Railroads are required to keep railroad crossings in good repair. A violation of this duty is negligence.

It might be contended that Code section 327F.1 establishes duties in the area of nature of design and construction of the crossing, concepts broader than mere "repairs" as limited by uniform instruction 1700.5. But we need not speculate on the question because the Jameses made no objection to the instruction as given. So keeping the crossing in good repair became the railroad's only duty under Iowa Code section 327F.1.

There was no evidence of disrepair at the crossing. In *Stowe v. Wood,* 199 N.W.2d 323, 326 (Iowa 1972), we subscribed to the Black's Law Dictionary definition of repairs: "To mend, remedy, restore, renovate, to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." The only evidence offered even remotely on the point was the testimony of plaintiffs' liability expert who said that, at the time he inspected the crossing twenty-two months after the accident, the rural crossing was "relatively rough." Jon James similarly testified only that the tracks were "rough." There was no evidence concerning the standard of repair for rural railroad crossings. We conclude the record fails to establish a claim that the crossing was not in good repair.

■ III. We find no Iowa statute that renders a railroad negligent for failure to control vegetation at its crossings or along its right of way. Cases could be imagined where vegetation might relate to a railroad's duty to warn of an extra-hazardous crossing, or even an engineer's responsibility to maintain a proper lookout. But tort liability can-

---

**3.** The loss-of-consortium claims were not affected by a later amendment to Iowa Code § 668.3.

*See* 1997 Iowa Acts ch. 197, § 10(1)(b).

not, on this record, rest on the railroad's failure to control vegetation.

The trial court should have directed a verdict for the railroad, dismissing the suit. The case is remanded for judgment accordingly.

**REVERSED AND REMANDED ON THE CROSS–APPEAL; APPEAL RENDERED MOOT.**