# IN THE SUPREME COURT OF IOWA

No. 15–2126

Filed October 20, 2017

**IN THE MATTER OF THE ESTATE OF MARGARET E. WORKMAN,** Deceased,

**DENNIS WORKMAN,**

Appellant,

vs.

**GARY WORKMAN,** Individually and as Executor of the Estate of Margaret E. Workman,

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

A will contestant seeks further review of a court of appeals decision affirming the district court judgment entered in the will proponent's favor. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellant.

Daniel P. Kresowik of Stanley, Lande & Hunter, P.C., Davenport, for appellee.

**MANSFIELD, Justice.**

This review of a will contest proceeding raises two questions for our consideration. First, the unsuccessful will contestant asks us to adopt the Restatement (Third) of Property standard concerning the appropriate burden of proof in an undue influence case where a confidential relationship existed. Second, the contestant argues the district court abused its discretion in denying his motion to amend the pleadings to conform to the proof at the close of his case. That motion sought to broaden the contestant's undue influence claim to include all of the testator's prior wills and codicils.

We conclude the first issue is not preserved for our review. The contestant asks us to overturn a ruling on burden of proof that was incorporated within a pretrial order denying summary judgment. Yet the contestant never renewed his position at trial. Instead, when presented with jury instructions that reiterated the same burden-of-proof standard, the contestant indicated he had no objection. Iowa Rule of Civil Procedure 1.924 requires more.

On the second issue, we find no abuse of discretion. The district court correctly determined that this last-minute amendment would have broadened the issues and the proof. Also, this case falls within our precedent upholding denials of motions to amend under Iowa Rule of Civil Procedure 1.457 when the motion is based on facts the movant knew or should have known before trial. *See, e.g., Meincke v. Nw. Bank & Tr. Co.*, 756 N.W.2d 223, 229 (Iowa 2008). Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

## I.  Background Facts & Proceedings.

Margaret Workman died on December 26, 2012, at the age of eighty-nine, survived by her husband, LaVerne Workman, and their three children, Dennis, Gary, and Cynthia.  Long before Margaret's death, Gary had decided to move back home to farm in eastern Iowa.  For the next thirty-one years until his mother's death, Gary lived within five miles of his parents and saw them on a nearly daily basis as he farmed with them.  Dennis, however, took up residences around the country and became involved in a number of business ventures, several of which were unsuccessful.

Margaret's will and codicil were admitted to probate on January 24, 2013.  Margaret had previously executed a series of wills and codicils that provided for the distribution of her personal and real property and established a trust for the benefit of her husband and son Dennis.

At her death, Margaret owned approximately 200 acres of farmland, and she was supremely concerned about what would happen to this land at her passing, often discussing the issue with her family and her attorneys.  Margaret became, according to her attorney, "obsessed with her estate-planning documents."  From 1983 to 2008, Margaret altered her distribution plan through either will or codicil no fewer than ten times.

Margaret's initial will, executed in 1983, provided a life estate for her husband in all of her personal property and the homestead.  The farmland was to be divided into three parcels, with LaVerne receiving forty acres and Gary and Dennis receiving eighty acres each.  In the event LaVerne predeceased Margaret, Gary's daughter Christine would inherit the forty acres that would have been LaVerne's, and the remaining 160 acres would go entirely to Gary, with Dennis inheriting

none of the farmland. Apparently concerned about the possibility of Dennis's numerous creditors reaching the farmland, Margaret later executed a codicil to this will to create a spendthrift trust for Dennis's benefit.

The next few wills made shifts in the property distribution, many of which benefited Gary, in response to Gary's work on the farm for his parents. Margaret noted the apparent discrepancy for the first time in her 1987 will, in which she stated, "It may appear that I have provided more generously for my son, Gary, than my other two children, but in part it is in repayment for work and improvements he has done on our farmlands." Every subsequent will executed by Margaret contained similar precatory language.

The final will, executed in 2007, passed the homestead to the Workman Family Trust, subject to a life estate for LaVerne and a right of first refusal to purchase in favor of Gary, and distributed 160 of the 200 acres of farmland in life estate to LaVerne, with the remainder passing to Gary. Gary's interest was subject to $25,000 in equalization payments to be paid by him at $2500 per year over a ten-year period. The remaining forty acres of land went to Gary's two children. The will contains the following statement by Margaret, similar to the one first included in the 1987 will:

> My husband and I wish to formally acknowledge that we recognize and understand that the cumulative effect of our Wills and The Workman Family Trust will be to give our son, Gary, a disproportionately large share of our combined assets. We have intentionally and knowingly made these provisions understanding that Gary will receive more of our combined estates than our other two children. We have done this to recognize the many years of contribution and effort made by Gary, which has benefitted us over the years that he has lived near us. The statement I am making in this paragraph is merely precatory and intended to express my intent.

In 2008, Margaret executed a codicil to the 2007 will, adding a provision to prevent the sale of the farmland for a period of three years. In the event the farmland was sold within three years of Margaret's death, the proceeds from the sale in excess of $5000 per acre would be divided equally among Gary, Cynthia, and the Workman Family Trust.

Several months after Margaret's death, on June 14, 2013, Dennis filed a petition to set aside the 2007 will and the 2008 codicil in the Iowa District Court for Scott County. The petition alleged both undue influence by Gary and lack of testamentary capacity on the part of Margaret, and also sought the imposition of a constructive trust. On July 9, 2014, Gary filed a motion for summary judgment seeking dismissal of the case. After an opportunity for discovery, on March 12, 2015, the district court granted in part and denied in part Gary's motion. The court dismissed the testamentary capacity and constructive trust claims but denied summary judgment as to undue influence.

In his resistance to the motion for summary judgment, Dennis had argued that the existence of a confidential relationship between Gary and Margaret shifted the burden to Gary to prove that there was no undue influence. Although the district court ultimately denied summary judgment on the issue of undue influence, the court disagreed with Dennis's contention that the burden would shift for a testamentary transfer:

> [I]t appears as if this analysis is only considered when inter vivos transfers are involved. *See In the Matter of Estate of Todd*, 585 N.W.2d 273, 277 (Iowa 1998). . . . Here, we only have testamentary transfers at issue and thus the burden shifting does not appear to apply. It remains for the Plaintiff to establish at trial the Defendant unduly influenced Mrs. Workman and there is a fact question precluding summary judgment on that issue.

The case proceeded to trial on the undue influence claim. At the close of the plaintiff's case, Dennis moved to amend the pleadings to conform to the proof to allow the jury to consider undue influence for the entire series of wills and codicils Margaret made from to 1983 to 2008. Neither the initial petition nor the amended petition had challenged the earlier wills. Ruling from the bench, the court denied the motion to amend, stating,

> [B]ecause the defense has prepared their whole strategy and their whole basis of this case in defending the 2007 Will and the 2008 Codicil and did not defend the earlier Wills, there could have been and would have been . . . much different proof presented [and] many different witnesses called, it's too late in the game and the motion to amend is denied.

Only Gary submitted proposed jury instructions. At the close of evidence, in accordance with Gary's proposed instructions, the jury was instructed that "[t]he law presumes a person is free from undue influence," and to overcome this presumption, Dennis had to prove "[t]he result was clearly brought about by undue influence." Dennis never objected to these instructions or requested alternate instructions shifting the burden of proof to Gary.[1]

The jury returned verdicts in Gary's favor finding no undue influence as to either the 2007 will or the 2008 codicil.

---

[1]Here is the relevant passage from the trial transcript:

THE COURT: . . . I've proposed to you folks Instructions 1 through 15, are there any objections to any of the instructions?

PLAINTIFF'S COUNSEL: None from the Plaintiff, your Honor.

. . . .

THE COURT: Are there any additional instructions that you request to be given for my consideration?

PLAINTIFF'S COUNSEL: Not for the Plaintiff, your Honor.

Dennis appealed, challenging the summary judgment ruling that he had the burden of proving undue influence and the later denial of his motion to amend the pleadings to conform to the proof. On the former point, Dennis urged adoption of the Restatement (Third) of Property: Wills and Other Donative Transfers section 8.3, comment *f*, which provides that

> [a] presumption of undue influence arises if the alleged wrongdoer was in a confidential relationship with the donor and there were suspicious circumstances surrounding the preparation, formulation, or execution of the donative transfer, whether the transfer was by gift, trust, will, will substitute, or a donative transfer of any other type.

Restatement (Third) of Prop.: Wills & Other Donative Transfers § 8.3 cmt. *f*, at 145 (Am. Law Inst. 2003) [hereinafter Restatement (Third)]. Gary responded that both trial court rulings were correct and also that Dennis had failed to preserve error with regard to the allocation of the burden of proof in an undue influence case. We transferred the case to the court of appeals, which found that Dennis had preserved error but nonetheless upheld both rulings on the merits. We granted Dennis's application for further review.

**II. Standard of Review.**

"We review summary judgment rulings for correction of errors at law." *Johnson Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transp.*, 891 N.W.2d 220, 224 (Iowa 2017). We will reverse the trial court's refusal to allow amendment of a petition to conform to the proof only upon a showing of a clear abuse of discretion. *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108–09 (Iowa 1995).

**III. Analysis.**

**A. Allocation of the Burden of Proof.** Dennis complains that the district court's allocation of the burden of proof—as reflected in its

summary judgment ruling and its subsequent jury instructions—reflects an outdated distinction between inter vivos and testamentary transfers. He urges us to follow Restatement (Third) of Property, which treats both categories of donative transfers the same. *See* Restatement (Third) § 8.3 cmt. *f,* at 145–46. *But see In re Estate of Todd,* 585 N.W.2d 273, 277 (Iowa 1998) ("Where a confidential relationship is found to exist, and inter vivos conveyances are challenged, the burden of proof shifts to the benefitted parties to prove—by clear, satisfactory, and convincing evidence—their freedom from undue influence. No such presumption of undue influence exists in the case of a will contest, even where the testator and beneficiary stand in a confidential relationship.").

An initial hurdle Dennis must overcome is that of error preservation. Although Dennis argued burden of proof unsuccessfully at the summary judgment stage, he did not object to any of the four jury instructions at trial (numbers 7, 8, 9, and 10) that placed the burden of proof on him, nor did he submit his own burden of proof instruction. In our view, this did not comply with rule 1.924, which provides,

> Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal.

Iowa R. Civ. P. 1.924; *see Julian v. City of Cedar Rapids,* 271 N.W.2d 707, 708 (Iowa 1978) (quoting predecessor to Iowa Rule of Civil Procedure 1.924 and finding that the party "could not successfully assert the burden of proof ground after failing to object prior to submission to the jury").

When instructions are not objected to, they become "the law of the case." *Hoskinson v. City of Iowa City*, 621 N.W.2d 425, 430 (Iowa 2001); *see also Pollmann v. Belle Plaine Livestock Auction, Inc.*, 567 N.W.2d 405, 411 (Iowa 1997); *Poulsen v. Russell*, 300 N.W.2d 289, 294 (Iowa 1981) ("Unless objected to by a party, an instruction to the jury, right or wrong, is the law of the case.").

Even though the district court addressed the issue of burden of proof when it denied summary judgment on the undue influence claim, "[w]e have said on numerous occasions that the district court's denial of a motion for summary judgment is not appealable if the case proceeded to a trial on the merits." *In re Marriage of Johnson*, 781 N.W.2d 553, 555 (Iowa 2010) (citing cases). "[T]he denial of the motion for summary judgment merges with the trial on the merits where the trier of fact reviewed the exhibits and listened to the testimony of the witnesses." *Kiesau v. Bantz*, 686 N.W.2d 164, 174 (Iowa 2004), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 & n.3 (Iowa 2016). Therefore, we have declined to consider "assignments of error relating to the denial of the motion for summary judgment" once the matter proceeds to a trial on the merits. *Lindsay v. Cottingham & Butler Ins. Servs.*, 763 N.W.2d 568, 572 (Iowa 2009). Furthermore, "[u]ntil the district court has rendered a final order or decree, it has the power to correct any of the rulings, orders or partial summary judgments it has entered." *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000).

In one case, when a trial court granted a contested motion to adjudicate law points before trial but later modified its ruling at trial and reflected the modification in its instructions, we said that rule 1.924 was "unequivocal" and that we would only consider "those issues on damages which were properly preserved by objections to the instructions." *Woods*

*v. Schmitt*, 439 N.W.2d 855, 866 (Iowa 1989). In another case, we held that a party waived instructional error under rule 1.924 by merely submitting a requested instruction earlier while not making a record of it at the instruction conference. *Ostrem v. State Farm Mut. Auto. Ins.*, 666 N.W.2d 544, 547–48 (Iowa 2003).

For these reasons, to preserve error on the burden of proof issue, Dennis had to renew his position at trial by objecting to the jury instructions at the instruction conference. Instead, his counsel told the court he had no objections to them.

This is not a case where a litigant was raising the sufficiency of the *evidence* to submit or not submit a claim or theory to the jury. *See James ex rel. James v. Burlington N., Inc.*, 587 N.W.2d 462, 464 (Iowa 1998) (holding that a party, having unsuccessfully moved for a directed verdict, was "not required, in order to preserve error, to also object to the instructions"); *Feldhahn v. R.K.B. Quality Corp.*, 356 N.W.2d 226, 229 (Iowa 1984) ("We see no need for plaintiff's counsel, at the time of taking exceptions to the instruction, to again complain or take exception to a prior ruling which withdrew an issue from the jury."). Rather, the issue was *how* the claim would be submitted. That being so, Dennis had to object to the relevant jury instructions to preserve error.

From a policy standpoint, this rule makes sense. The positions of parties and the court regarding the controlling law often evolve over the course of a case. The instruction conference is "put up or shut up time," and it is important for parties to notify the court of any concerns with the jury instructions at that time, not earlier or later. That way, any possible legal misunderstandings can be cleared up, and the parties and the court can be assured that the jury has the correct law before the case proceeds to final verdict.

Here the summary judgment ruling came more than eight months before trial, and the language on burden of proof was not essential to that ruling (since Gary's motion for summary judgment on undue influence was denied). Furthermore, a different judge made the ruling than the one who later tried the case. It would not be surprising if the trial judge was unaware that the burden of proof had previously been a fighting issue at summary judgment. If he had been aware, he might have assumed that Dennis had abandoned his earlier position. We conclude error has not been preserved and therefore reject Dennis's appeal on this ground.

**B. Denial of the Motion to Amend the Pleadings to Conform to the Proof.** Dennis next contends the district court improperly denied his motion to amend the pleadings at the close of his case. This motion sought to broaden Dennis's undue influence claim to encompass all the wills and codicils executed by Margaret.

As we have already discussed, neither the petition nor the amended petition raised a challenge to anything other than the 2007 will and the 2008 codicil. At trial, Dennis took the stand as the first witness on his behalf. On direct, he testified specifically only about the 2007 will and acknowledged he did not know how the other wills came into creation. On cross, Gary's attorney then sought to prove that Dennis had lost his mother's trust long before 2007 and 2008 through a series of financial misadventures, including a personal Chapter 7 bankruptcy and a decision to use his brother's social security number to start a business in Kansas. Gary's attorney got Dennis to admit two propositions. First, in many ways, the 2007 will was no less favorable to Dennis than the 2001 will and codicils it had replaced. Second, Dennis was only contesting the 2007 will and the 2008 codicil.

The following testimony is illustrative:

> Q. In this lawsuit the only thing this jury is deciding is whether Gary exerted undue influence in the 2007 Will and the 2008 Codicil, you understand that, right? A. Yes.

> Q. And you understand that part of your burden is to prove Gary's undue influence was being exerted over your mother when she signed that 2007 Will, correct? A. Yes.

> Q. You've read the 2007 Will you are contesting, correct? A. Yes.

> Q. Please tell the jury what the 2007 Will changes from her 2001 Will as amended? A. I don't remember without looking at them.

> Q. Are you saying that your brother exercised undue influence to get your mother to change from what she had prior to 2007, which is the 2001 Will as amended, correct? A. Yes.

> Q. That was what was in place before 2007, 2001 Will as amended, correct? A. Right.

> Q. You are claiming that Gary exercised undue influence to get her to change from that to what she has in her 2007 Will, correct? A. Yes.

> Q. What changed? A. Whatever changes speak[] for themselves are in the Will.

> Q. Do you know what those changes are? A. Right now, I would have to look at them to see the difference.

Dennis's second witness was Margaret's primary care physician during her final years. However, he did not treat Margaret until 2006. In addition, he opined she would not have been susceptible to undue influence until 2012, the final year of her life. Dennis's final witness was Gary, and at this point Dennis's attorney seemed to shift his focus somewhat. He questioned Gary some about earlier wills, suggesting that a significant shift in the estate planning occurred in 1999 after family

discussions regarding Dennis's financial problems "came to a hilt."[2] Thereafter, Dennis moved under rule 1.457 to conform his pleadings to the proof, but the district court denied the motion, finding it would substantially change the issues in the case and unfairly prejudice Gary, who had not anticipated having to defend the earlier wills.

In examining the denial of a motion to amend to conform to the proof, we must consider "whether allowance of the amendment to conform to proof by the trial court materially changed the issues or substantially altered the defenses." *Beneficial Fin. Co. of Black Hawk Cty. v. Reed*, 212 N.W.2d 454, 456 (Iowa 1973). One indicator of substantial change to the issues may be prejudice or unfair surprise to the opposing party. *See Holliday v. Rain & Hail L.L.C.*, 690 N.W.2d 59, 65 (Iowa 2004); *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002); *see also W & W Livestock Enters., Inc. v. Dennler*, 179 N.W.2d 484, 488 (Iowa 1970) (finding no abuse of discretion in permitting the amendment when "[it] in no way prejudiced plaintiff").

Here, the proposed amendment to conform to the evidence would have changed the issues and unfairly prejudiced Gary. In his own testimony to open the trial, Dennis specifically disclaimed a challenge to any other will. At that point, Gary's attorney undercut Dennis's litigation position by demonstrating that the 2007 will and the 2008 codicil did not leave Dennis materially worse off than he was before. Only after this weakness in his case had been exposed at trial did Dennis seek to expand his suit from one will and codicil to *all* the wills and codicils. This would have unfairly disadvantaged Gary, because it would have required a different line of questioning and proof than Gary had already

---

[2]Of course, this testimony would also have been relevant to Gary's defense that there was no undue influence in connection with the 2007 will and the 2008 codicil.

used. In the case as pled by Dennis, only the *terms* of the earlier wills and codicils mattered, not the specific circumstances of their execution or Margaret's condition at the time.

If the theory relied on to prove the proposed amended claim "var[ies] materially" from the facts relied upon to prove the existing claim, then the proposed amendment is deemed to substantially change the issues. *Smith v. Village Enters., Inc.*, 208 N.W.2d 35, 37–38 (Iowa 1973). That is the case here.

Furthermore, we have said,

> To give appropriate deference to the trial court, when a movant seeks to amend a petition based on trial testimony the movant knew or should have known prior to trial, the amendment is more properly denied than one that might have been otherwise allowed earlier in the proceedings.

*Meincke*, 756 N.W.2d at 229. In *Meincke*, we held the district court did not abuse its discretion in denying a rule 1.457 motion at the end of trial to add a fraud claim where the plaintiff "knew, or should have known, the testimony that supported her fraud claim." *Id.* This principle applies here. Dennis knew of the prior wills long before trial. He also knew about Gary's testimony that matters with Dennis from the perspective of other family members "came to hilt" in 1998 because that was what Gary had said in deposition.

In short, rule 1.457 does not require the district court to grant a motion to amend "when the movant seeks to amend based upon trial testimony that the movant knew or should have known about beforehand." *Allison-Kesley Ag Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 846 (Iowa 1992); *see also Mora v. Savereid*, 222 N.W.2d 417, 422–23 (Iowa 1974). In that event, "amendments that might well have otherwise

been allowed earlier in the course of the proceedings may properly be denied by the district court judge." *Allison-Kesley*, 485 N.W.2d at 846.

For the foregoing reasons, we hold the district court did not abuse its discretion in denying Dennis's motion at the close of his case to add the prior wills and codicils to his undue influence claim.[3]

## IV. Conclusion.

We vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

---

[3]In his resistance to further review, Gary argued, among other things, that Dennis no longer had standing to contest the 2007 will and the 2008 codicil. In doing so, Gary relied on a separate order entered by the district court after the trial of the will contest disinheriting Dennis based on the "no contest" clause and approving a final accounting and disbursements. That order was separately affirmed by the court of appeals. *See In re Estate of Workman*, No. 16–0908, 2017 WL 706342, at *6 (Iowa Ct. App. Feb. 22, 2017). In light of our disposition of the case, we do not reach this argument.