# IN THE COURT OF APPEALS OF IOWA

No. 17-1038
Filed July 5, 2018

**DENNIS WORKMAN,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR MUSCATINE COUNTY,**
        Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Dennis Workman petitions for writ of certiorari from the district court's issuance of a bench warrant for his arrest after he failed to appear for a contempt hearing. **WRIT SUSTAINED.**

Bruce Johnson of Cutler Law Firm, P.C., West Des Moines, for appellant.

Daniel P. Kresowik of Stanley, Lande & Hunter, P.C., Davenport, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Dennis Workman is "disgruntled with his parents' estate plans, including both inter vivos and testamentary dispositions," according to a petition filed by his brother, Gary Workman. Dennis's discontent has sparked litigation involving the estates of both parents, LaVerne and Margaret Workman. In this case, Gary succeeded in revoking Dennis's shares and interest in the Workman Family Trust. In the course of Gary's action, the district court ordered Dennis to account for and return property distributed from the trust. When Dennis did not comply, Gary applied for rule to show cause why his brother should not be held in contempt of court. When Dennis failed to appear for the show-cause hearing, the district court issued a warrant for his arrest. In this appeal, Dennis challenges the legality of the court's decision to issue the bench warrant.[1] He alleges by requiring his personal presence at the show-cause hearing, the court failed to follow Iowa Code section 665.7. We agree the district court misconstrued that statute. Accordingly, we sustain the writ.

---

[1] Dennis also supposes the district court found him in contempt in the orders issued on June 1 and 7, 2017. We do not read the court's orders as reaching a contempt finding on either the failure to appear or the underlying disobedience of the court order concerning the trust. So the question arises whether certiorari is the proper form of review. Iowa Code section 665.11 (2016) prohibits a direct appeal only when a defendant is found in contempt. *See State v. Dist. Ct.*, 231 N.W.2d 1, 4 (Iowa 1975). When a court dismisses an application to punish for contempt, a direct appeal is allowed. *Id.* Here, issuance of the bench warrant was interlocutory; the court neither found Dennis in contempt nor dismissed Gary's application. In this situation, an application for discretionary review under Iowa Rule of Appellate Procedure 6.106 may have been the proper vehicle for bringing the issue before the appellate courts. We realize Rule 6.108 allows a case to proceed as if the proper form of review had been requested. Because Dennis selected certiorari as the proper form of review and our supreme court granted his petition for writ of certiorari, "we elect to consider the issues as posed in certiorari." *See id.*

## I.    Facts and Prior Proceedings.

LaVerne Workman passed away in March 2016.  He had one daughter and two sons, Dennis and Gary.  Gary has lived near his parents in eastern Iowa for decades and was named executor of his father's estate.  Dennis now lives in Florida.  After LaVerne's death, Dennis filed a petition to set aside probate of the will.  He alleged the 2007 codicil to the 2001 will was the result of Gary's undue influence and LaVerne did not have testamentary capacity at the time.  Dennis voluntarily dismissed his petition in August 2016.[2]

Dennis was named beneficiary and the sole trustee of the Workman Family Trust.  Like his parents' wills, the trust contains a "no-contest" provision, whereby if any beneficiary (acting without probable cause and not in good faith) contests or attacks the validity of the will, their interest in the trust is revoked.  In October 2016,

---

[2] Dennis previously challenged his mother Margaret's will and codicil on identical grounds. Our supreme court rejected Dennis's claim that the district court abused its discretion in denying his motion to add prior wills and codicils to his undue influence claim. *In the Matter of Estate of Workman*, 903 N.W.2d 170, 179 (Iowa 2017).  In its opinion, the court noted the following precatory statement in Margaret's will codicil, which also appears in LaVerne's will codicil:

> My husband and I wish to formally acknowledge that we recognize and understand that the cumulative effect of our Wills and The Workman Family Trust will be to give our son, Gary, a disproportionately large share of our combined assets.  We have intentionally and knowingly made these provisions understanding that Gary will receive more of our combined estates than our other two children.  We have done this to recognize the many years of contribution and effort made by Gary, which has benefitted us over the years that he has lived near us.

*Workman*, 903 N.W.2d at 173.  In a separate probate appeal, Dennis disputed the district court's decision granting Gary's application to revoke Dennis's shares under Margaret's will for violating a "no-contest" clause. *In the Matter of Estate of Workman*, No. 16-0908, 2017 WL 706342 (Iowa Ct. App. Feb. 22, 2017) (explaining, under Iowa common law, a no-contest provision will not be enforced against a beneficiary who contests the will in good faith and for probable cause, but finding Dennis failed to show probable cause and good faith for his filing).  Dennis is also appealing the district court's decision to revoke his shares in his father's will under the no-contest clause. *In the Matter of Estate of Workman*, No. 17-0599.

Gary, as executor of his father's estate, filed an amended petition in probate against Dennis seeking to revoke Dennis's shares and interest in the trust and remove Dennis as trustee. Gary also asked the court to order Dennis to repay any distributions he made to or on behalf of himself as sole trustee. Gary argued Dennis's violation of the "no-contest" provision meant he was not entitled to distributions from the trust. Gary also sought a temporary injunction to prevent Dennis from dissipating trust assets while the petition to revoke was pending. The district court granted the injunction and ordered Dennis to account for and surrender all property of the trust by December 2016 as well as restore any funds he may have distributed to himself.[3]

By March 2017, Dennis had yet to comply with the accounting and restoration provisions of the court order. Gary asserted Dennis was in contempt for non-compliance. The district court entered an order to show cause why Dennis should not be held in contempt. The court set a hearing for April 4; Dennis did not appear personally, but his attorney did. The court determined Dennis had been avoiding service in Florida but, at Gary's request, reset the hearing for June 1, and ordered publication of the notice in the Florida town where Dennis lived. Later in April, Dennis's attorney withdrew his representation.

Before the June hearing, Dennis filed a series of motions as a self-represented litigant. He sought an extension to obtain new counsel, which the court denied on May 23, 2017, finding he already had ample time. Dennis also asked to appear by telephone. In support of his bid to appear telephonically,

---

[3] The court ordered CBI Bank & Trust to serve as a successor trustee.

Dennis asserted his wife was disabled and suffered numerous ailments, was confined to bed, and required his constant attention for daily tasks. As her only caregiver, Dennis argued traveling back to Iowa would pose an extreme hardship. The court denied his motion, concluding a contempt action required Dennis's personal appearance. Dennis also resisted the order for rule to show cause, denying he had failed to comply with the order to account for and restore all property of the trust, but acknowledging he had not returned any funds from the trust account because he did not have any money to do so. In a notarized, written resistance he explained he "[did] not have the ability to comply with that part of the order." A trust accounting record through February 2017 listed unaccounted for funds in the amount of $75,806.32. And again, Dennis sought a continuance to obtain counsel, which the court set for consideration on the same day as the show-cause hearing.

When Dennis failed to appear for the June 1 hearing, the district court issued a bench warrant, setting a "cash only" bond of $5000. The document entitled Bench/Public Arrest Warrant stated "information upon oath" had been "laid before the District Court" that Dennis had committed the "crime" of failure to appear for the show-cause hearing. Authorities in Florida arrested Dennis on June 7. But the Iowa district court was informed "a governor's warrant" of extradition to return Dennis to Muscatine County could not be obtained, so the court "verbally consented" to his release from the Florida jail. The district court then ordered the bench warrant be "limited to the State of Iowa from this day forward."

Dennis filed a petition for writ of certiorari, asking for dismissal of the district court's arrest warrant. The supreme court granted the writ. Gary, individually and

as executor of his father's estate, filed an application for permission to withdraw from defending the district court's decision.[4]  The supreme court granted Gary permission to withdraw and ordered the appeal to proceed without participation of the appellee.  The supreme court then transferred the case to the court of appeals.

## II.     Standard of Review

"Certiorari is an action at law; therefore, our review is at law."  *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007).  We review "the jurisdiction of the district court and the legality of its actions."  *Id.* (citation omitted).  "When the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly, an illegality exists."  *Id.* (citation omitted).

## III.     Analysis

Dennis contends the district court acted illegally by issuing a warrant for his arrest when he did not appear personally in Muscatine County for the show-cause hearing.  At issue is the following contempt provision:

> Before punishing for contempt, unless the offender is already in the presence of the court, the offender must be served personally with an order to show cause against the punishment, and a reasonable time given the offender therefor; or the offender may be brought before the court forthwith, or on a given day, by warrant, if necessary. In either case the offender may, at the offender's option, make a written explanation of the offender's conduct under oath, which must be filed and preserved.

---

[4] In his application, Gary urged that the June 1 and June 7 rulings were valid, but Gary did not believe the "end result" or the "amount of assets in LaVerne's Estate" justified the expense of defending the district court's orders.  Gary speculated even if Dennis returned to Iowa and was subject to arrest, "the presumptive end result would be that Dennis would again be ordered to produce documents and information he was previously ordered to produce, which could assist the Estate in recovering the assets Dennis was previously ordered to return to the Trust.  However, given the pending litigation in LaVerne's Estate, the reasons underlying the Estate's prior request for that documentation will essentially become null and void."

Iowa Code § 665.7.

In his appellant's brief, Dennis contends the arrest warrant should be annulled because he offered to appear for the show-cause hearing by telephone and "filed a verified detailed resistance to the motion" seeking to have him held in contempt. Without fully embracing Dennis's contentions, we nevertheless agree the warrant should be canceled for the following reasons.

Initially, while the district court had *discretion to deny* Dennis's motion to appear telephonically, it appears the court erroneously believed it lacked *discretion to grant* the motion. In its May 23, 2017 order, the district court—without citation to authority—ruled, "Since this matter is a contempt action, . . . Dennis's personal appearance at the contempt hearing is required." We cannot find such a requirement in either chapter 665 or Iowa case law. Because the district court erroneously assumed it had no discretion to grant Dennis leave to appear telephonically, at a minimum, we would be obliged to remand for the district court to properly exercise its discretion on Dennis's motion to appear for the show-cause hearing by telephone. *Cf. State v. Lee*, 561 N.W.2d 353, 355 (Iowa 1997) (vacating portion of sentence where district court operated on faulty belief it had to impose a fine).

Even more critically, the district court overstepped its authority in issuing the bench warrant. After Dennis failed to appear in person for the show-cause hearing on June 1, the district court ruled, "Based on Dennis Workman's failure to appear for the hearing on the Order to Show Cause, a bench warrant shall issue . . . and bond on said warrant shall be set at $5000—cash. The hearing shall be rescheduled upon execution of the warrant."

The bench warrant stated that the court received information under oath that Dennis had been accused of the "crime" of failure to appear for the hearing on the order to show cause. That statement was not accurate. Dennis's failure to appear for the show-cause hearing in the probate matter was not a criminal offense under Iowa Code section 811.2(8) because "[c]ontempt proceedings are quasi-criminal, not criminal, in nature." *State v. Mott*, 731 N.W.2d 392, 394 (Iowa 2007). In this case, the court never imposed a punishment for contempt under Iowa Code chapter 665.

Further, the court was not required to secure Dennis's appearance before ruling on the underlying contempt action. Iowa courts may punish for contempt if an offender willfully resists a court order. *See* Iowa Code § 665.2(3) (listing acts constituting contempt, including an "[i]llegal resistance to any order or process made or issued by [the court]"); *State v. Sluyter*, 763 N.W.2d 575, 578 (Iowa 2009). But before punishing someone for an indirect contempt—a violation that occurs outside the presence of the court—due process requires the accused be given notice and a reasonable opportunity to explain his or her conduct. *See* Iowa Code § 665.7; *Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980), *overruled on other grounds by Phillips v. Iowa Dist. Ct.,* 380 N.W.2d 706, 708–09 (Iowa 1986); *Arthur v. Iowa Dist. Ct.*, 553 N.W.2d 325, 327 (Iowa 1996). Next section 665.7 describes two possible procedures for bringing an accused into the court's presence—either by personal service of the rule to show cause or by warrant. *Lutz,* 297 N.W.2d at 353.

But once an accused is timely served with the rule to show cause, as Dennis was in this case, the court is not bound to secure an arrest before proceeding if the accused fails to appear. *See Jordan v. Cir. Ct.*, 28 N.W. 548, 550 (Iowa 1886) (holding it was not necessary for accused to be present when final contempt order issued); *see also Sharkey v. Iowa Dist. Ct.*, 461 N.W.2d 320, 323 (Iowa 1990) (by failing to appear at contempt hearing, Sharkey "gambled" on the possibility a continuance would be granted, but "neither statutory requirements nor due process considerations precluded the court from proceeding with the hearing in Sharkey's absence").

Here, the district court did not adjudicate Dennis as being in contempt. The court did not issue a warrant of commitment under section 665.10 as required to incarcerate an accused for contempt. *See Diercks v. Iowa Dist. Ct.*, 526 N.W.2d 350, 351 (Iowa Ct. App. 1994). Further, we find no authority for the court to set bail as a condition of holding an accused after his arrest in advance of a show-cause hearing. And because Gary decided not to defend the district court's orders on appeal, we have no party advocating for the legitimacy of the bench warrant.

The trigger for issuing a warrant under section 665.7 is if the court finds a warrant is "necessary" to bring the offender before it "forthwith" (generally construed to mean "within a reasonable time, considering all the facts and all the circumstances," *see Farmers' Mercantile Co. v. Farmers' Ins. Co.*, 141 N.W. 447, 453 (Iowa 1913)) or "on a given day" for a show-cause hearing. Section 665.7 did not authorize the court to issue an open-ended bench warrant—even after limiting its reach to within Iowa's borders—that will loom over Dennis indefinitely having no scheduled hearing or necessity for his appearance "forthwith." In the absence

of a statute or case law justifying Dennis's arrest under these circumstances, we cancel the bench warrant.

**WRIT SUSTAINED.**